**FARMERS BANK of the State of Delaware,**
**Defendant below, Appellant,**

v.

**SINWELLAN CORPORATION et al.,**
**Plaintiffs below, Appellees.**

**No. 260.**

Supreme Court of Delaware.

Submitted Sept. 17, 1976.

Decided Oct. 13, 1976.

R. Franklin Balotti and Michael A. Meehan, of Richards, Layton & Finger, Wilmington, for defendant below, appellant.

Morton R. Kimmel and Paul H. Spiller, Kimmel, Spiller & Bradley, P. A., Wilmington, for plaintiffs below, appellees.

Before DUFFY, Justice, MARVEL and BROWN, Vice Chancellors.

DUFFY, Justice:

Two questions are submitted for decision in this appeal from the Superior Court: (1) Is the corporate plaintiff required to comply with 8 Del.C. § 371 before it may maintain the action; and (2) Does the individual plaintiff have a cause of action under 6 Del.C. § 4–402?

### I

The facts in which these questions arise are relatively simple and, for present purposes, are undisputed. Plaintiff, Sinwellan Corporation, has a checking account in the Farmers Bank of the State of Delaware, defendant. The gravamen of the complaint is that Farmers wrongfully dishonored certain checks drawn on Sinwellan's account. The individual plaintiff, P. A. Sinclair, is the president of Sinwellan and he sues, for the same cause, as a "customer" of Farmers under the Uniform Commercial Code. The Superior Court denied Farmers' motion to dismiss the complaint and this appeal followed.*

### II

Sinwellan is a Maryland corporation which has not registered or otherwise qualified to do business in Delaware. The State Constitution, Art. IX § 5 provides:

"No foreign corporation shall do any business in this State through or by branch offices, agents or representatives located in this State, without having an authorized agent or agents in the State upon whom legal process may be served."

That provision, which is not self-executing, *Model Heating Co. v. Magarity*, Del., 2 Boyce 459, 81 A. 394 (1911), has been implemented by two statutes, the first of which is 8 Del.C. § 371; it reads:

"(a) As used in this chapter, the words 'foreign corporation' mean a corporation organized under the laws of any jurisdiction other than this State.

(b) No foreign corporation shall do any business in this State, through or by

---

* Rena H. Matthews, a Sinwellan officer (apparently), was also a plaintiff but the Superior Court granted Farmers' motion to dismiss as to her and she is no longer a party to the action.

branch offices, agents or representatives located in this State, until it shall have paid to the Secretary of State of this State for the use of this State, $50, and shall have filed in the office of the Secretary of State:

(1) A certificate issued by an authorized officer of the jurisdiction of its incorporation evidencing its corporate existence. . . . ;

(2) A sworn statement executed by an authorized officer of each corporation setting forth (i) the name and address of its registered agent in this State, which agent shall be either an individual resident in this State when appointed or another corporation authorized to transact business in this State, (ii) a statement, as of a date not earlier than 6 months prior to the filing date, of the assets and liabilities of the corporation, and (iii) the business it proposes to do in this State, and a statement that it is authorized to do that business in the jurisdiction of its incorporation."

The penalty for failure to comply with § 371 is found in 8 Del.C. § 383, which provides:

"(a) A foreign corporation which is required to comply with §§ 371 and 372 of this title and which has done business in this State without authority shall not maintain any action or special proceeding in this State unless and until such corporation has been authorized to do business in this State and has paid to the State all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this State without authority. This prohibition shall not apply to any successor in interest of such foreign corporation."

■ This case does not call for an exhaustive analysis of these statutes or their rationale, much of which is discussed in *Magarity*, Cf. Folk, *The Delaware General Corporation Law* pp. 530, 548. It is sufficient, we think, to make two observations about them. First the test for applicability of § 371 is whether the foreign corporation does *any* business in this State, not whether it is "doing business" here. *Folk* supra p. 548. The latter test is applicable for purposes of the long arm statute, 8 *Del.C.* § 382, *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) but not for maintenance of an action within the meaning of § 383. The "any" business test is more comprehensive in meaning than the "doing business" test. *Taggart v. George B. Booker,* Del.Super., 3 Terry 386, 35 A.2d 499 (1043) ; compare *Chattanooga National Building & Loan Association v. Denson,* 189 U.S. 408, 23 S. Ct. 630, 47 L.Ed. 870 (1903) ; 17 *Fletcher Cyclopedia Corporations* § 8470. Second, non-compliance with § 371 bars a foreign corporation from maintaining "any action" in the Courts of this State. That is the penalty.

We turn now to what the record reveals about Sinwellan's activities in Delaware. It is undisputed that Sinwellan maintained a Delaware bank account in its corporate name, advertised in two Delaware newspapers of general circulation, stored its financial records in this State, executed contracts in Delaware with Delaware residents, sold or attempted to sell securities here, engaged in credit transactions with Delaware residents, and provided taxi service in Delaware to transport persons to and from places in this State.

The Superior Court was aware of these activities but found them to be "incidental" to Sinwellan's "major purpose of operating and maintaining Great Oaks Lodge in Maryland." Apparently, the Court applied the "doing business" test and found the activities inadequate to require compliance by that standard. But, as we have said, that is not the test under § 371.

■ We conclude that in the aggregate, at least, Sinwellan's activities in this State

clearly go beyond the minimum requirements of the "any" business criterion in § 371. As this Court observed long ago in *Magarity,* the primary object of the Statute is to secure to the State and its people a way to serve process on a corporation which is organized elsewhere and which comes here to act through officers or agents. Given the scope of intra-State activities in which Sinwellan is engaged, the Statute wisely requires that it formalize its presence here through the nomination of an agent, the identification of an office and by otherwise complying with § 371. Accordingly, Sinwellan must comply with § 371 before it may maintain this action. It follows, therefore, that so much of the judgment of the Superior Court which determined otherwise must be reversed.

### III

We turn now to the claim by the individual plaintiff.

6 Del.C. § 4–402 provides that a "bank is liable to its customer for damages proximately caused by the wrongful dishonor of" a check. And in § 4–104(1)(e) a "customer" is defined as ". . . any person having an account with a bank or for whom a bank has agreed to collect items and includes a bank carrying an account with another bank."

Relying on *First National Bank of Springdale v. Hobbs,* 248 Ark. 76, 450 S. W.2d 298 (1970), the Superior Court concluded that Sinclair was "undoubtedly considered" by Farmers to be the "customer" because he opened the account, determined who would draw on it and had a personal account with the Bank. There is a double difficulty with the Court's conclusion: First, the statutory definition includes only a person having an account with a bank; the language is plain and does not require construction *Loucks v. Albuquerque National Bank,* 76 N.M. 735, 418 P.2d 191 (1966); here, the account in question was that of Sinwellan—it was the "person," not

Sinclair. The second problem with the Court's ruling is that we are unable to find any record support for its finding that Farmers regarded Sinclair as its customer.

■ For these reasons, we conclude that Sinclair is not a statutory "customer" of Farmers with respect to the Sinwellan account and he does not have a cause of action under 6 Del.C. § 4–402.

\*     \*     \*     \*     \*     \*

Reversed.