JEFFREY KESNER *vs.* LIBERTY BANK & TRUST COMPANY. June 14, 1979. In acting on the plaintiff's motion for summary judgment, the judge correctly ruled that the defendant bank was entitled to judgment as matter of law. The plaintiff, who was the treasurer of Hereford Realty, Inc., could not recover damages under G. L. c. 106, § 4-402, for the bank's wrongful dishonor of the corporation's checks because

the corporation, and not the plaintiff, was the "customer" of the bank within the meaning of that section. See *Farmers Bank* v. *Sinwellan Corp.*, 367 A.2d 180 (Del. 1976); *Loucks* v. *Albuquerque Natl. Bank*, 76 N.M. 735 (1966). General Laws c. 106, § 4-104(e), inserted by St. 1957, c. 765, § 1, defines "customer," in relevant part, as "any person having an account with a bank." There is no ambiguity here as to who had the account with the bank, as there was in *First Natl. Bank* v. *Hobbs*, 248 Ark. 76 (1970); nor is it suggested that the corporation "was, in effect, nothing but a transparent shell, having no viability as a separate and distinct legal entity," as was the case in *Kendall Yacht Corp.* v. *United Cal. Bank*, 50 Cal. App. 3d 949, 956 (1975). In that decision the court pointed out that "[w]e would certainly not hold as a general proposition that the shareholders or officers of a corporation could recover under section 4402 for the wrongful dishonor of a corporation check." *Id.* Nor was the plaintiff entitled to recover under tort principles for defamation of credit; for "[o]ne who is not himself libeled cannot recover even though he has been injured by the libel published concerning another." *Gilbert Shoe Co.* v. *Rumpf Publishing Co.*, 112 F. Supp. 228, 229 (D. Mass. 1953). An officer of a corporation who is not personally libeled has no right to recover damages for a libel published of the corporation. *McBride* v. *Crowell-Collier Publishing Co.*, 196 F.2d 187, 189 (5th Cir. 1952). *United States Steel Corp.* v. *Darby*, 516 F.2d 961, 964 n.4 (5th Cir. 1975). *Gilbert Shoe Co.* v. *Rumpf Publishing Co.*, supra. "In a suit for libel or slander, it is always necessary for the plaintiff to allege and prove that the words were spoken or written of and concerning the plaintiff." *Hanson* v. *Globe Newspaper Co.*, 159 Mass. 293, 294 (1893).

*Judgment affirmed.*

*Howard S. Ross* for the plaintiff.
*John T. Daley* for the defendant.