■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LARRY HINES, Respondent. — Order, Supreme Court, New York County (S. Levittan, J.), dated June 11, 1981 granting defendant's motion to suppress physical evidence: The matter is remanded to the hearing Judge for further findings in accordance with this memorandum, and the determination of the appeal is held in abeyance pending receipt of such findings. The hearing court did not make explicit findings of the facts whether the police officer saw the three bullets in a plastic tray on the hump of the front floorboard of the car, and if so, at what point this happened in relation to the other events, and the circumstances thereof, including whether the police officer saw the bullets while he was standing outside the car, or whether any part of his body was in the car when he discovered the bullets. The court believes that it would be helpful to its determination of this appeal if the hearing court made specific findings of fact on these points, and the matter is remanded to the hearing court for the making of such findings. Concur — Kupferman, J. P., Sullivan, Asch, Silverman and Milonas, JJ.

■ SIDNEY JAINCHILL, Respondent, v CITIBANK, N. A., Appellant. — Order, Supreme Court, New York County (A. G. Fraiman, J.), entered August 5, 1982 denying defendant's motion for summary judgment, is unanimously reversed, on the law, with costs, and summary judgment is granted dismissing the complaint on the merits. In this action for alleged wrongful dishonor of a check drawn on May 20, 1978 by plaintiff's corporation it appears without evidentiary contradiction that: (a) The check was never presented. (b) At all times from the time the check was drawn until the account was closed, the account either had no credit balance or a nominal credit balance insufficient to cover the check. This was true even allowing for prompt recredit instead of the delayed recredit of a redeposited certified check. (c) The account was not in plaintiff's name but in the name of a corporation of which plaintiff was allegedly president and sole stockholder. As to the last point it does not matter that as alleged the "business was dissolved"; even if this means the corporation was dissolved, the suit should still have been by the corporation. (Business Corporation Law, § 1006.) Concur — Kupferman, J. P., Sullivan, Asch, Silverman and Milonas, JJ.