443 So.2d 141 (1983)
Dennis L. KOGER, Appellant,
v.
EAST FIRST NATIONAL BANK, a National Banking Corporation, Appellee.
No. 83-336.
District Court of Appeal of Florida, Second District.
December 7, 1983.
Rehearing Denied January 11, 1984.
*142 James C. Decker of Stewart & Decker, P.A., Fort Myers, for appellant.
G. Keith Cary of Alderman & Gerald, P.A., Fort Myers, for appellee.
CAMPBELL, Judge.
Appellant, Dennis L. Koger, appeals the order dismissing his second amended complaint with prejudice. He raises two points on appeal. The first point concerns whether an individual corporate stockholder has a cause of action against a bank under section 674.402, Florida Statutes (1981), which tracks the language of section 4-402, Uniform Commercial Code (1977), for damages that result from actions between the bank and its corporate customer of which the individual is a stockholder. The second point addresses the liability of a bank to stockholders of a corporate customer for wrongfully handling funds or other property of the corporation. We conclude that our disposition of the first point raised is also dispositive of the second point. Any tort by the appellee bank against the appellant stockholder would necessarily arise out of the bank-customer relationship. That relationship, in turn, is the subject of section 674.402. This appears to be a case of first impression in Florida. We affirm.
Appellant alleges that he sustained damages due to the actions of appellee, East First National Bank. Appellee's named customer was Kenny and Koger Construction, Inc., (KKCI), in which appellant was a principal stockholder. Appellant contends that appellee refused to honor the checks of KKCI, attempted to revoke payment of checks, seized funds in a KKCI checking account to pay a note, and seized a KKCI receivable as collateral under a security agreement. Appellant contends that these actions proximately caused KKCI's default on numerous construction projects and required a surety to complete its performance on those projects.
The surety sued KKCI and its shareholders who had personally agreed to indemnify the surety in the event it was required to pay a claim against KKCI. Appellant further alleges that the surety obtained a judgment against him in the approximate amount of $280,000 as a result of appellee's actions.
Section 674.402 provides:
A payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item. When the dishonor occurs through mistake liability is limited to actual damages proved. If so proximately caused and proved damages may include damages for an arrest or prosecution of the customer or other consequential damages. Whether any consequential damages are proximately caused by the wrongful dishonor is a question of fact to be determined in each case.
We choose to adhere to the more literal interpretation of section 674.402, which follows the interpretation given to section 4-402 in Kesner v. Liberty Bank & Trust Company, 7 Mass. App. 934, 390 N.E.2d 259 (1979); Farmers Bank v. Sinwellan Corporation, 367 A.2d 180 (Del. 1976), and Loucks v. Albuquerque National Bank, 76 N.M. 735, 418 P.2d 191 (1966). *143 These cases hold that a bank's liability extends only to the corporation or partnership which is its "customer," rather than to the individual partner or member of that corporation or partnership.
In the instant case, appellant was not the proper party to bring an action against appellee. The named customer of the bank was the corporation KKCI. Thus, according to the above authorities, KKCI would have been the only party entitled to institute a cause of action against appellee under the provisions of section 674.402.
Appellant cites to Karsh v. American City Bank, 113 Cal. App.3d 419, 169 Cal. Rptr. 851 (1980), and Kendall Yacht Corporation v. United California Bank, 50 Cal. App.3d 949, 123 Cal. Rptr. 848 (1975), for the proposition that individual members of a business entity, that is the customer of a bank, are entitled to obtain relief under section 4-402.
Although the language of section 4-402 is identical to that of section 674.402, we choose to disagree with the liberal interpretation given it by the California courts. Both the Karsh and Kendall cases refer to corporations that were "undercapitalized" or mere "transparent shells." Appellant did not allege that KKCI was in the same position as the corporations in Karsh and Kendall. Accordingly, we affirm the decision of the trial court.
RYDER, A.C.J. and DANAHY, J., concur.