■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARLENE ALLEN, Respondent, v EUGENE DOOLEY, as Sheriff of Suffolk County, Appellant.—In a habeas corpus proceeding challenging a warrant requesting extradition of Arlene Allen to the State of Georgia, Eugene Dooley, Sheriff of the County of Suffolk, appeals from a judgment of the County Court, Suffolk County (D'Amaro, J.), dated March 1, 1988, which, *inter alia,* granted the application.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner Arlene Allen challenged a New York Governor's warrant issued on or about November 24, 1987, for her arrest. The warrant was issued pursuant to a request from the Governor of Georgia which sought her extradition to that State. Mrs. Allen stood charged in the State of Georgia with having committed the crime of "bad check" (two counts). Specifically, it was asserted by the District Attorney for the Atlanta Judicial Circuit in Georgia that:

"On the 11th day of November, 1986, the accused did make, draw, utter or deliver a certain check #1366, dated 11/11/86 drawn on Manufacturers Hanover Trust Company, Bay Shore, N.Y., in the amount of $32,292.78, knowing that it would not be honored by the drawee, for a present consideration, to-wit: one open-top transfer trailer.

"On the 11th day of November, 1986, the accused did make, draw, utter or deliver a certain check #1341, dated 11/11/86, in the amount of $34,545.00, drawn on Manufacturers Hanover Trust Company, Bay Shore, N.Y., knowing that it would not be honored by the drawee, for a present consideration, to-wit: one open-top transfer trailer".

In a nonfugitive extradition proceeding such as this, in which the petitioner was not present in the demanding State at the time of the crime, "it must be established prima facie that [s]he would have violated the laws of this State if the consequences had been felt here" *(People v Hinton,* 40 NY2d 345, 353; CPL 570.16). "[T]here must, at least, be some showing of an evidentiary nature establishing every element required under the relevant New York penal statute" *(People v Hinton, supra,* at 353).

The relevant New York penal statute is Penal Law § 190.05 (1) (a), which provides in pertinent part that, a person is guilty of issuing a bad check when, "[a]s a drawer or representative drawer, he utters a check knowing that he or his principal * * * does not then have sufficient funds with the drawee to cover it". There is a presumption that "[w]hen the drawer of a check has insufficient funds with the drawee to cover it at the time of utterance, the subscribing drawer or representative drawer, as the case may be, is presumed to know of such insufficiency" (Penal Law § 190.10 [1]). We find that the hearing court correctly held that the presumption did not apply to Mrs. Allen.

The evidence adduced at the petitioner's extradition hearing disclosed that on the date the petitioner uttered the subject checks, there were sufficient funds with the drawee to cover

them. Therefore, the presumption was overcome. Without this presumption, which was the only showing of an evidentiary nature establishing the petitioner's alleged knowledge of insufficient funds, the evidence was insufficient to establish, prima facie, a violation of the New York statute. Therefore, the petitioner's application was properly granted (CPL 570.16).

In light of our determination, we do not reach the parties' remaining contentions. Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.