■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN ALLEN, Appellant, v EUGENE DOOLEY, as Sheriff of Suffolk County, Respondent.—In a habeas corpus proceeding challenging a warrant requesting the extradition of John Allen to the State of Georgia, the petitioner appeals from a judgment of the County Court, Suffolk County (D'Amaro, J.), dated January 12, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner challenged a New York Governor's warrant for his arrest issued on or about November 9, 1988. The warrant was issued pursuant to a request from the Governor of Georgia, which sought his extradition to that State for having committed a crime involving bad checks (Georgia Code § 16-9-20). A New York Governor's warrant was also issued for the arrest of the petitioner's wife pursuant to a similar extradition request from the Governor of Georgia relating to the same bad checks (see, People ex rel. Allen v Dooley, 156 AD2d 404 [decided herewith]).

Separate habeas corpus proceedings were brought for both the petitioner and his wife. The evidence adduced in the instant proceeding established that the petitioner directed his wife to issue three corporate checks to another corporation located in Georgia, with the knowledge that the issuance of those checks would render their corporate account heavily overdrawn. Two of the checks were refused by the drawee bank upon presentation by the Georgia corporation.

In an extradition proceeding such as this, in which the petitioner was not present in the demanding State at the time of the crime, the acts with which the petitioner is charged with must be punishable by the laws of this State as well as by the laws of the demanding State (CPL 570.16). There must, at least, be some showing of an evidentiary nature establishing every element required under the relevant New York penal statute (see, People v Hinton, 40 NY2d 345, 353).

On the record before this court, we conclude that there was a prima facie showing that the petitioner's actions constituted a violation of New York Penal Law § 190.05 (1) which provides that a person is guilty of issuing a bad check when: "(a) As a drawer * * * he utters a check knowing that he * * * does not then have sufficient funds with the drawee to cover it, and (b) he intends or believes at the time of utterance that payment will be refused by the drawee upon presentation, and (c) payment is refused by the drawee upon presentation".

Although the petitioner did not actually draw the checks in question, the evidence was sufficient to establish that he caused the checks to be issued by his wife. As such the petitioner may be held criminally responsible for the acts of the corporation under the provisions of Penal Law § 20.25 *(see, People v Dean,* 48 AD2d 223; *cf., People v Caruso,* 135 AD2d 550)*.* Furthermore, it is clear from the record that the petitioner knew that there were insufficient funds to cover the subject checks at the time of utterance.

The evidence also established that the petitioner intended or believed at the time of utterance that payment would not be made when the checks were presented *(see,* Penal Law § 190.05 [1] [b])*.* On the day he directed his wife to issue the subject checks, the petitioner knew that an outstanding check he had previously issued to the same Georgia corporation would render the account overdrawn. Given his knowledge of the insufficiency of funds at the time of utterance, the fact that the checks were presented within 30 days of their utterance, and the insufficiency of funds at the time of presentation, he failed to overcome the statutory presumption set forth in Penal Law § 190.10 (2) (b) which permits the inference that he intended that the checks would be dishonored upon presentation *(see, People v Dean, supra).*

Finally, we have reviewed the Georgia criminal statute regarding the crime of "bad checks" (Georgia Code § 16-9-20) under which the petitioner was indicted, and find no merit to the petitioner's contention that his actions did not constitute a crime in that State. Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.