■ PATRICK AGOSTINO, Appellant, v MONTICELLO GREEN-HOUSES, INC., et al., Respondents.—In an action, *inter alia,* to recover damages for the wrongful dishonor of a check, abuse of process, and negligence, the plaintiff appeals (1) from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated September 22, 1988, which granted the motion of the defendant First National Bank of Highland and the cross motion of defendants Monticello Greenhouses, Inc., and Richard Heins for summary judgment dismissing the complaint, and (2) as limited by his brief, from so much of an order of the same court, dated December 13, 1988, as, upon reargument, adhered to the original determination to the extent that it adhered to the determination (a) dismissing the first cause of action insofar as it is asserted against First National Bank of Highland, (b) dismissing the second cause of action insofar as it is asserted against Monticello Greenhouses, Inc., and Richard Heins, and (c) dismissing the third cause of action insofar as it is asserted against First National Bank of Highland.

Ordered that the appeal from the order dated September 22, 1988, is dismissed, as that order was superseded by the order dated December 13, 1988, made upon reargument; and it is further,

Ordered that the order dated December 13, 1988, is modified, on the law, by deleting the provision thereof adhering to the original determination dismissing the third cause of action and substituting therefor a provision denying that branch of the motion of First National Bank of Highland which was for the dismissal of that cause of action; as so modified the order dated December 13, 1988, is affirmed insofar as appealed from, and the order dated September 22, 1988, is modified accordingly; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the respondents appearing separately and filing separate briefs.

The plaintiff contends that he has standing in his individual capacity to maintain an action against the defendant First National Bank of Highland (hereinafter the bank) pursuant to

UCC 4-402, for wrongful dishonor of a check. He claims that he is qualified to bring the action because he was a "customer" within the meaning of that statute. We disagree. The record indicates that, at all material times, a corporation known as Mid-Valley Garden Center, Inc. (hereinafter Mid-Valley), of which the plaintiff was president, had a checking account with the bank. The check which the bank dishonored was drawn on that account. UCC 4-402 provides that "[a] payor bank is liable to *its customer* for damages proximately caused by the wrongful dishonor of an item" (emphasis supplied). The term "customer" is defined in UCC 4-104 (1) (e) as "any person having an account with a bank or for whom a bank has agreed to collect items". While such authority as exists in this State is sparse and unclear *(see, Jainchill v Citibank,* 97 AD2d 743, *affd on other grounds* 62 NY2d 739), there are numerous decisions in other jurisdictions which construe UCC 4-104 and 4-402 as precluding a corporate officer from bringing a wrongful dishonor suit in an individual capacity, where the corporation, not the corporate officer, is the "person having an account with [the] bank" (UCC 4-104 [1] [e]; *see, Farmers Bank v Sinwellan Corp.,* 367 A2d 180 [Del]; *Kesner v Liberty Bank & Trust Co.,* 7 Mass App 934, 390 NE2d 259; *Koger v East First Natl. Bank,* 443 So 2d 141 [Fla]; *Loucks v Albuquerque Natl. Bank,* 76 NM 735, 418 P2d 191). Exceptions exist, permitting a corporate officer to maintain such an action, individually, when there is a "close intertwinement [of the corporate officer] and [the] company" or where "the Bank * * * treated [the officer] and the corporate depositor as one entity" *(Murdaugh Volkswagen v First Natl. Bank,* 801 F2d 719, 725; *see also, American Natl. Bank v Stanfill,* 205 Cal App 3d 1089, 252 Cal Rptr 861; *Kendall Yacht Corp. v United Cal. Bank,* 50 Cal App 3d 949, 123 Cal Rptr 848; 1 White and Summers, Uniform Commercial Code § 18-4, at 891-892). Since there is no evidence in the record that such conditions existed in the case before us, we conclude that the plaintiff lacks standing to maintain an action pursuant to UCC 4-402. We would also note that the plaintiff's claim under UCC 4-103 (5) is unpreserved for review since it was not raised in the Supreme Court *(see, Matter of Arbor Oaks Civic Assn. v Zoning Bd. of Appeals,* 112 AD2d 988).

However, we agree with the plaintiff that the court erred in failing to reinstate his negligence cause of action against the bank. At all material times, the bank held a mortgage on premises owned by Mid-Valley. As a result of fire damage to those premises in July 1980 an insurance carrier issued a

settlement check of $39,000 payable to Mid-Valley, to the bank, and to the plaintiff's adjuster. A dispute arose between the bank and the plaintiff over the plaintiff's refusal to pay $2,000 in legal fees asserted against him by the bank's attorney. As a result, the bank placed a "hold" of $2,000 on Mid-Valley's account into which the settlement check had been deposited. Significantly, the plaintiff and the bank are at odds over whether the plaintiff, pending settlement of the dispute, consented to the "hold".

On December 12, 1980, before the fee dispute was settled, the plaintiff, in his corporate capacity, wrote a check to the defendant Monticello Greenhouses, Inc. (hereinafter Monticello), drawn on Mid-Valley's account. The bank processed the check on December 17, 1980, and returned it unpaid. On December 31, 1980, the plaintiff paid the bank's attorney $1,250 in settlement of the fee dispute. On February 2 and 20, 1981, the bank issued two certificates of protest with respect to the check to Monticello. On February 24, 1981, Monticello wrote to the plaintiff seeking payment of the check and threatening legal action. Contemporaneously, the defendant Heins, president of Monticello, swore out a criminal complaint charging the plaintiff with issuing a bad check. (Although the criminal complaint is dated December 24, 1981, Monticello recognizes that this date is erroneous and should read February 24, 1981, the same date as the letter.) On March 31, 1981, the plaintiff was arrested, arraigned, and held for eight hours until he could furnish bail in the sum of $500. On December 21, 1981, a Town Justice dismissed the complaint on the merits. This action ensued.

The plaintiff has properly pleaded a cause of action sounding in negligence against the bank, asserting that it owed him a duty to take reasonable care not to cause him loss and injury by what he claims is improper repudiation of the corporate check (cf., Becker v Schwartz, 46 NY2d 401, 412-413). It would be incongruous to deny the plaintiff the right to bring a negligence action against the bank, considering that as a corporate officer he may be taken into custody and held criminally liable for allegedly issuing a bad check drawn on a corporate account (see, People ex rel. Allen v Dooley, 156 AD2d 406, 407; People v Dean, 48 AD2d 223, 226) while, at the same time, holding that he had no standing to bring a statutory cause of action to recover damages for wrongful dishonor under UCC 4-402 because he is not a "customer" within the meaning of that provision. Moreover, the UCC does not, either in language, spirit, or intent, proscribe such a cause of action

sounding in negligence. Indeed, the code impliedly permits it by providing that the principles of law and equity "shall supplement its provisions" (UCC 1-103).

The resolution of this cause of action cannot be determined summarily on this record. There are disputes of fact, including whether the plaintiff did or did not agree to the "hold" on the Mid-Valley account, and the extent to which the plaintiff was notified of the dishonor.

We have examined the parties' remaining contentions and find them to be without merit. Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.