■ In the Matter of Roberto Fabbri, Appellant, v George E. Pataki et al., Respondents [655 NYS2d 586] —In a proceeding pursuant to CPLR article 78, *inter alia*, to vacate a warrant of arrest and an order of extradition, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Rudolph, J.), dated July 26, 1996, which, *inter alia*, denied the petition and remanded him to the custody of the Westchester County Commissioner of Public Safety.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the petitioner father's contention, the respondent Governor of the State of New York did not exceed his jurisdiction by granting a request by the State of New Jersey for extradition based upon a New Jersey divorce judgment voluntarily entered by the father and the mother in 1980. Pursuant to CPL 570.16, on the demand of another State, the Governor of this State may surrender any person living in this State who commits an act in this State intentionally resulting in a crime in the demanding State, when the act for which extradition is sought would be punishable under the laws of this State.

Here, the father voluntarily agreed to pay $85 per week in child support pursuant to the divorce judgment, and did so for two years. He then admitted that he stopped paying child support upon his personal determination that a 1982 New Jersey modification order became null and void when the New York Family Court declined to grant the mother's request to register it for enforcement purposes (see, Domestic Relations Law § 37-a). Since the willful nonpayment of child support is punishable under the laws of both New York and New Jersey, and the father admitted that he purposefully ceased paying child support after two years, there was prima facie evidence to support the extradition proceeding (see, NJ Stat Annot, § 2C:24-5; Penal Law § 260.05; see also, People v Hinton, 40 NY2d 345, 353; People ex rel. Allen v Dooley, 156 AD2d 406 ["There must, at least, be some showing of an evidentiary nature establishing every element required under the relevant New York penal statute"]). Under the circumstances, the Governor did not improvidently exercise his discretion by granting the extradition request.

The petitioner's remaining contentions are without merit. Miller, J. P., Ritter, Thompson and Krausman, JJ., concur.