■ Town of Tusten, on Behalf of Narrowsburg Sewer District, Respondent, v Clark Engineers et al., Appellants.— Casey, J. Appeal from an order of the Supreme Court (Williams, J.), entered September 25, 1991 in Sullivan County, which denied defendants' motion to disqualify Goldstein & Stoloff as plaintiff's counsel.

Defendants first sought to disqualify attorney Carl Goldstein as counsel for plaintiff in February 1989, alleging that he is a necessary witness (see, Code of Professional Responsibility DR 5-102 [B] [22 NYCRR 1200.21 (b)]). Supreme Court reserved decision on defendants' disqualification claim pending further discovery. In July 1990 defendants again sought Goldstein's disqualification, alleging in general that Goldstein's knowledge of the facts underlying the action made him a necessary witness. Supreme Court concluded that defendants were not entitled to the requested relief, noting, inter alia, the absence of excerpts from Goldstein's examination before trial which might have assisted the court in determining whether the testimony of Goldstein would be prejudicial to his client. An order denying defendants' motion was entered in October 1990 and defendants did not appeal from that order.

In July 1991 defendants again moved to disqualify Goldstein as plaintiff's counsel. In support of the motion defense counsel alleged that it was in the best interests of his clients "to renew this motion and provide to the Court (and Plaintiff) those specific items of factual information, and which questions would be propounded to Mr. Goldstein for which there are no other witnesses". Supreme Court concluded that defendants had not met their burden of proving necessary prejudice and an order was entered denying the motion. Defendants appeal from the order.

We conclude that the motion was correctly denied, but not for the reason relied upon by Supreme Court. It is undisputed that although defendants' July 1991 motion was not labeled as such, it was a motion to renew the prior motion to disqualify Goldstein, which had been denied by an unappealed order entered in October 1990. A motion to renew is ordinarily based upon "additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew" *(Foley v Roche,* 68 AD2d 558, 568). In addition to the new facts supporting a motion to renew, the moving party must also demonstrate a justifiable excuse for not initially placing such facts before the court *(Matter of Barnes v State of New York,* 159 AD2d 753, *lv dismissed* 76 NY2d 935). The additional material facts in this case, which consist largely of the deposition testimony of Goldstein and another nonparty witness, were in the possession of defendants several months prior to the July 1990 motion to disqualify Goldstein. According to defendants, the testimony anticipated from Goldstein was not previously set forth in more detail because "it was viewed as being inappropriate for defense counsel to specifically set forth the evidence to be adduced". We view this claim as no excuse at all, for defendants knew or should have known the burden of proof imposed upon them as the parties seeking to disqualify Goldstein *(see, Plotkin v Interco Dev. Corp.,* 137 AD2d 671, 673-674). Defendants were not entitled to renewal as "a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" *(Matter of Beiny,* 132 AD2d 190, 210, *lv dismissed* 71 NY2d 994), and their lengthy delay in bringing the motion to renew, for which no excuse was offered, is also a factor to be considered *(see, Pigno v Bunim,* 74 AD2d 567, 568).

Defendants argue that the question of whether they were entitled to renewal was not preserved for appellate review because of plaintiff's failure to appeal. According to defendants, Supreme Court's ruling on the merits of the disqualification issue constituted an implicit grant of the renewal aspect of their motion. We disagree. Defendants' motion was not described as a motion to renew either in their motion papers or in Supreme Court's decision. Nor is there anything in Supreme Court's decision to suggest that defendants were being granted any type of relief, and the order denying defendants' motion contains no provision granting relief to defendants from which plaintiff could have appealed.

Denial of defendants' motion was proper because they failed

to demonstrate their entitlement to renewal and, therefore, Supreme Court's order must be affirmed.

Levine, J. P., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.