■ Elgem, Inc., et al., Respondents, v National Gypsum, Inc., Defendants, and Gerald Brandman, Appellant. [596 NYS2d 465] —In an action, inter alia, to recover damages for breach of contract, the defendant Gerald Brandman appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), entered March 7, 1991, as denied his cross motion to renew that portion of his motion which was to dismiss the complaint as asserted against him for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its dis-

cretion in denying the motion to renew *(see, Roseman v Goldberg,* 181 AD2d 873), which was based on purportedly new evidence in the form of an affidavit by the appellant's daughter-in-law, Deborah Madigan, denying that she had ever been served with a summons and complaint on behalf of the appellant. Although the appellant contends that renewal was warranted inasmuch as he was afforded no notice or opportunity to call Madigan as a witness at the hearing to ascertain whether he had been properly served with process, he altogether fails to explain why he did not move for an adjournment when it became obvious that the plaintiffs' attorney was attempting to establish through his examination of the appellant and the process server that it was Madigan upon whom substituted service had been made. Significantly, the appellant has also failed to proffer any explanation for his 13-month delay in submitting the affidavit to the court.

We have reviewed the appellant's remaining contentions and conclude that they are without merit. Bracken, J. P., Miller, Lawrence, Copertino and Santucci, JJ., concur.