■ GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, v BANK OF RICHMONDVILLE, Appellant. [611 NYS2d 338] — White, J. Appeals (1) from an order of the Supreme Court (Travers, J.), entered June 18, 1993 in Albany County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

On August 8, 1991, plaintiff received four checks payable to it drawn by Gary Morgan Chevrolet and Oldsmobile, Inc. (hereinafter Morgan) on Morgan's account with defendant. Plaintiff deposited the checks in its account with Norstar Bank of Upstate New York (hereinafter Norstar) on August 9,

1991. The checks were routed through the Federal Reserve System and were received by defendant at approximately 11:30 A.M. on August 12, 1991. On August 13, 1991, defendant apparently learned that there were insufficient funds in Morgan's account. Instead of returning the checks, defendant afforded Morgan an extension of time in which to deposit funds to cover the checks. Subsequently, at a special meeting of defendant's Board of Directors held on August 15, 1991, it was decided that the checks should be returned, whereupon Norstar charged plaintiff's account with the amount of the checks and returned them to plaintiff.

Plaintiff then commenced this action seeking to hold defendant liable for the payment of the checks on the theory that defendant did not comply with UCC 4-301 and 4-302. Following the completion of discovery, plaintiff moved for summary judgment. Supreme Court granted the motion and defendant now appeals.

UCC 4-301 (1) permits a payor bank to revoke a settlement and recover any payment "if before it has made final payment * * * and before its midnight deadline" it either "returns the item" or "sends written notice of dishonor or nonpayment if the item is held for protest or is otherwise not available for return" (UCC 4-301 [a], [b]). These procedural rules are enforced by UCC 4-302 (a) which provides, in pertinent part, that a payor bank "is accountable for the amount of * * * a demand item * * * whether properly payable or not if the bank * * * does not pay or return the item or send notice of dishonor until after its midnight deadline".

Defendant concedes that the checks were not returned before the midnight deadline of August 13, 1991, nor were they being held for protest. It nevertheless argues that it did comply with the applicable statutes by providing plaintiff with oral notice of dishonor prior to the midnight deadline. Defendant's argument is predicated upon UCC 3-508 (3) which states that notice of dishonor may be written or oral. UCC 3-508 (3) does govern banks involved in the collection process so long as there is no conflict with the rules contained in UCC article 4 (see, UCC 4-102 [1]; 4-104 [3]). When there is a conflict, the provisions of UCC article 4 take precedence (see, UCC 4-102 [1]).

In this instance, there is a conflict in view of the requirement of written notice of dishonor found in UCC 4-301 (1) (b). Thus, because UCC article 4 provisions take precedence, we conclude that oral notice of dishonor is not sufficient to

establish compliance with UCC 4-301 and 4-302 *(see, Available Iron & Metal Co. v First Natl. Bank,* 56 Ill App 3d 516, 371 NE2d 1032; 4 Hawkland and Lawrence, Uniform Commercial Code Series § 3-508:05). Moreover, oral notice would not achieve the purpose of UCC 4-301 (1) (b), which is to provide the necessary written voucher to support the cancellation of provisional credits (6 Hawkland and Lawrence, Uniform Commercial Code Series § 4-301:08).

Defendant's second argument is that plaintiff cannot recover against it because plaintiff had actual knowledge that the checks would not be paid when it presented them. This estoppel defense has been accepted when the payee knew that the payor had died many months prior to the presentation of the check, his estate was insolvent and his account had already been closed *(see, Bank Leumi Trust Co. v Bally's Park Place,* 528 F Supp 349), where the bank presenting the check knew that there was no account from which to pay it *(see, United States Fid. & Guar. Co. v Federal Reserve Bank,* 620 F Supp 361, 373, *affd* 786 F2d 77), and where the checks bore the legend "void after 30 days" *(see, Hanna v First Natl. Bank of Rochester,* 159 Misc 2d 1).

Here, there is no evidence that plaintiff was actually aware that the checks would not be paid when it presented them on August 9, 1991. Furthermore, although it knew that Morgan's financial position was precarious, it cannot be assumed that it knew that the checks would not be paid inasmuch as Morgan was still in business, had not filed for bankruptcy and had an open and active bank account with defendant. Thus, we find that the estoppel defense is not available to defendant *(see, Third Century Recycling v Bank of Baroda,* 704 F Supp 417, 421).

We have not considered defendant's other arguments because they were not raised before Supreme Court *(see, Agostino v Monticello Greenhouses,* 166 AD2d 471, 472; *David Sanders, P. C. v Sanders, Architects,* 140 AD2d 787, 788).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order and judgment are affirmed, with costs.