■ In the Matter of ALBANY COMMUNITY DEVELOPMENT AGENCY, Respondent, v IBRAHIM ABDELGADER et al., Respondents, and MICHAEL LINEHAN, Appellant. [613 NYS2d 473] — White, J. Appeals (1) from that part of an order of the Supreme Court (Conway, J.), entered October 29, 1992 in Albany County, which determined the compensation due claimant Michael Linehan as a result of the condemnor's acquisition of his leasehold, and (2) from an order of said court, entered February 17, 1993 in Albany County, which denied said claimant's motion for reconsideration.

In 1985 claimant Michael Linehan, the owner of 339 Clinton Avenue in the City of Albany, leased a portion of the premises to claimant Ibrahim Abdelgader. Thereafter, in March 1988, Linehan leased another portion of the premises to Michael R. Linehan doing business as Gordon's Liquor Store. This lease provided: "If the whole or any part of the demied *[sic]* premises shall be acquired or condemned by Eminent Domain for any public or quasi public use, then and in that event, the term of this lease shall cease and terminate from the date of title vesting in such proceeding and Tenant shall have no claim against Landlord for the value of any unexpired term of said lease." Subsequently, Linehan conveyed the property subject to the lease to Abdelgader. In June 1992 the condemnor acquired the property by eminent domain. Linehan filed a claim against the condemnor for, *inter alia,* damages occasioned by the taking of his leasehold. Abdelgader then moved, pursuant to EDPL 505, to settle conflicting claims and dismiss Linehan's claim. The condemnor, by cross motion, also sought dismissal of Linehan's claim. Supreme Court granted the motions and denied Linehan's motion to reargue or renew. These appeals by Linehan ensued.

Initially, we note that insofar as Linehan's motion was one to reargue, Supreme Court's denial of it is not appealable *(see, Stancage v Stancage,* 173 AD2d 1081, *lv denied* 78 NY2d 1062). A motion to renew may be granted where the moving

party presents additional material facts which existed at the time of the prior motion, but were then not known to him or her, and such party comes forward with a justifiable excuse for not presenting such facts before the court *(see, Town of Tusten v Clark Engrs.,* 187 AD2d 772). Linehan's renewal motion was premised on the condemnation clause contained in the 1985 lease. This clause was not before Supreme Court on the original motion because Linehan's attorney "truly believed that the 1988 lease was clear in its language to express Mr. Linehan's intent" that he did not want the entire condemnation award to go to the landlord. Inasmuch as a motion to renew is not available where a party proceeds on one legal theory and then moves for renewal on a different theory merely because he or she was unsuccessful on the original motion, Supreme Court did not abuse its discretion in denying Linehan's motion to renew *(see, Venuti v Novelli,* 179 AD2d 477).

Turning to the merits, it is settled that where, as here, a lease provides for its termination upon the vesting of title to the land in the condemnor, it evinces an agreement between the landlord and tenant that the tenant shall not receive compensation for his leasehold interest out of the condemnation award *(see, Matter of City of New York [Allen St.],* 256 NY 236, 243; *Matter of City of New York [Triborough Bridge],* 249 App Div 579, *affd* 274 NY 581; 51 NY Jur 2d, Eminent Domain, § 127, at 188). Thus, Linehan's claim against Abdelgader is meritless. Likewise, since the damages to which a lessee is entitled are generally the value of the leasehold *(see, Great Atl. & Pac. Tea Co. v State of New York,* 22 NY2d 75, 84), Linehan has no claim against the condemnor because his leasehold had no value following condemnation due to its termination *(see, United States v 10620 Sq. Feet,* 62 F Supp 115, 121). We have not considered Linehan's argument that the 1988 lease is ambiguous when the terms of the 1985 lease are considered since such argument was not raised before Supreme Court *(see, General Motors Acceptance Corp. v Bank of Richmondville,* 203 AD2d 851; *Agostino v Monticello Greenhouses,* 166 AD2d 471).

For these reasons, we affirm.

Mercure, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, with costs.