■ RAMSCO, INC., Appellant, v DAVID A. RIOZZI, Doing Business as RIOZZI TRUCKING, et al., Respondents. [619 NYS2d 809] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Connor, J.), entered July 27, 1993 in Ulster County, which denied plaintiff's motion for reconsideration and for leave to serve an amended complaint.

Plaintiff appeals the denial of its motion seeking, *inter alia,* reconsideration of a prior order granting summary judgment in favor of defendants Glasco Associates, Ltd., Donald Tirschwell and Sullivan County Equities dismissing all causes of action as against those defendants, and declaring plaintiff's mechanic's lien void for failure to adequately describe the property against which it was asserted. The motion is, as plaintiff characterizes it, a motion for renewal, rather than reargument, for it seeks to introduce purportedly new evidence to bolster plaintiff's assertion that the description of the property liened was legally sufficient.

Nevertheless, Supreme Court's denial of the motion was not an abuse of discretion, for plaintiff does not represent that the "new" evidence was unavailable to it at the time of the original motion for summary judgment, nor does it offer any reasonable excuse for the failure to submit it at that time *(see,*

*Kambour v Farrar,* 188 AD2d 719, 719-720). The only reason plaintiff proffers for not having done so is that it "did not expect that a primary basis for the court's decision would be its finding that the description was insufficient to identify the property, and could not anticipate that this finding would be based in large part on defendants' mischaracterizations with regard to the location and description of the property". The papers submitted by defendants on the original motion demonstrate, however, that they raised the issue of the property description as one ground for dismissal of the complaint, and plaintiff's answering affidavit reveals that it was aware of this argument; indeed, plaintiff attempted to answer it. Though required to, plaintiff simply did not lay bare all of its proof in opposition to the original motion *(see, Lansing Research Corp. v Sybron Corp.,* 142 AD2d 816, 819; *Caffee v Arnold,* 104 AD2d 352).

While it is true that the standard is somewhat flexible, and a renewal motion need not be denied in every case where the newly presented evidence was known to the moving party at the time of the original motion or where no excuse was tendered *(see, Whitbeck v Erin's Isle,* 109 AD2d 1032, 1033-1034), given the totality of the circumstances, including plaintiff's seven-month delay in seeking relief *(see, Town of Tusten v Clark Engrs.,* 187 AD2d 772, 773), denial of the motion in this instance was not an abuse of discretion *(see also, Babiarz v Gasparini,* 198 AD2d 608, 609).

Plaintiff's motion to amend the complaint a second time to allege a violation of Lien Law § 56, despite the fact that no judgment has been obtained under article 3 of that law, was also properly denied for the proposed amended complaint fails to state a cause of action under that section *(see, General Motors Acceptance Corp. v Shickler,* 96 AD2d 926).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with one bill of costs.