■ EDMUND J. CANNISTRA, an Infant, by His Parent and Natural Guardian, JOSEPH E. CANNISTRA, et al., Appellants-Respondents, v ROBERT S. GIBBONS et al., Defendants, and DONALD GIBBONS, Respondent-Appellant. [639 NYS2d 48] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated March 13, 1995, as, upon renewal, adhered to a prior determination granting the cross motion of the defendant Donald Gibbons to dismiss the complaint insofar as it is asserted against him, and the defendant Donald Gibbons cross-appeals from so much of the same order as granted the branch of the plaintiffs' motion which was for renewal.

Ordered that the order is reversed insofar as cross-appealed from, the branch of the motion which was for renewal is denied, and the balance of the order, adhering to the original determination, is vacated; and it is further,

Ordered that the appeal by the plaintiffs is dismissed as academic in light of the determination on the cross appeal; and it is further,

Ordered that defendant Donald Gibbons is awarded costs.

The instant appeal marks the fourth time this case has been before this Court (*see, Matter of Cannistra v Town of Putnam Val.,* 124 AD2d 801; *Cannistra v County of Putnam,* 139 AD2d 479; *Cannistra v Town of Putnam Val.,* 177 AD2d 536). The incident giving rise to this case was a 1984 automobile accident in which the infant plaintiff, who was a passenger in a car being driven by the defendant Robert Gibbons, was seriously injured when the car struck a truck which was parked partially in the lane of traffic. The car was owned by Robert

Gibbons' mother, the defendant Joan Gibbons, in whose name the car was registered.

In 1986, the defendant Donald Gibbons cross-moved to dismiss the first cause of action insofar as it sought to hold him liable for the negligence of his son in the operation of the car owned by his wife. The Supreme Court (Dickinson, J.), denied the cross-motion but this Court modified that order, *inter alia*, by granting the cross-motion. In a decision and order, dated April 4, 1988, this Court found that the ownership documents in the name of the defendant Joan Gibbons created a presumption of "true ownership" of the car which the plaintiffs had not rebutted. Since there was otherwise no evidence to warrant a finding that the defendant Donald Gibbons had any other connection with the car, the complaint as against him was dismissed (*see, Cannistra v County of Putnam*, 139 AD2d 479, 481, *supra*).

The instant motion to renew was made on or about December 23, 1994, more than $6^1/2$ years after the action was dismissed as against Donald Gibbons. In support of the motion, the plaintiffs' present counsel asserted that in January 1993 his predecessor counsel subpoenaed police records which contained a 1984 letter from Aetna, the insurer of the car, and an insurance card, indicating that contrary to his disclaimers of having had nothing to do with the car, the defendant Donald Gibbons was in fact the named insured. The plaintiffs' present counsel discovered these items in September 1994 when they took over the case.

The Supreme Court granted the branch of the motion which was to renew, but adhered to the determination of this Court on the prior appeal dismissing the action as against Donald Gibbons. While the Supreme Court correctly determined that it was the appropriate forum to entertain the motion for renewal (*see, Harrel v Koppers Co.*, 154 AD2d 340), we find that the Supreme Court improvidently exercised its discretion in granting the application.

The general rule is that a motion to renew is based upon newly discovered evidence which was not available at the time of the prior motion (*see, Ramsco, Inc. v Riozzi*, 210 AD2d 592; *Elgem, Inc. v National Gypsum*, 192 AD2d 636). While this rule is not absolute (*see, Matter of Kennedy v Coughlin*, 172 AD2d 666), a moving party seeking renewal based upon evidence that could have been proffered previously should demonstrate a reasonable excuse for failing to do so (*see, Levitt v County of Suffolk*, 166 AD2d 421; *see also, Matter of Groht v Sobol*, 198 AD2d 679; *Brooks v Inn at Saratoga Assn.*, 188 AD2d 921;

*Lindsay v Funtime, Inc.,* 184 AD2d 1036). This is especially true in a case such as the instant matter, where a great period of time had elapsed between the prior motion and the motion to renew (*see, Ramsco, Inc. v Riozzi, supra; Elgem, Inc. v National Gypsum, supra; Levitt v County of Suffolk, supra*). Significantly, in the interim, the defendant Donald Gibbons has for over 6½ years believed that his involvement in this action was at an end.

Clearly, the letter and insurance card were available from the police file at an earlier juncture. Moreover, these items were obtained by the plaintiffs' prior counsel in January 1993, yet the instant motion was not made until December 1994 almost two years later. The plaintiffs have failed to demonstrate that they exercised due diligence in obtaining the allegedly newly discovered evidenced and they clearly failed to exercise due diligence in bringing it before the court. They also did not proffer a reasonable excuse for their failures (*see, Diorio v City of New York*, 202 AD2d 625; *Flynn v Niagara Univ.,* 198 AD2d 262). Therefore, on balance, we find that the salient considerations support the denial of the branch of the motion which was for renewal, as renewal was unwarranted. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.