■ In the Matter of MARIA WOOD et al., Respondents, v MARY E. GLASS, as Commissioner of the Department of Social Services of the County of Westchester, et al., Appellants. [640 NYS2d 234] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel Mary E. Glass, the Department of Social Services of the County of Westchester, Anthony Giambruno, and the Personnel Office of the County of Westchester to comply with the Civil Service Law concerning appointments to the position of Assistant Supervising Eligibility Examiner within the Department of Social Services of the County of Westchester, and to prohibit Sheila Grossman from continuing in that position, Mary E. Glass, the Department of Social Services of the County of Westchester, Anthony Giambruno, and the Personnel Office of the County of Westchester appeal, and Sheila Grossman separately appeals, from an order and judgment (one paper) of the Supreme Court, Westchester County (Wood, J.), entered October 18, 1994, which denied Sheila Grossman's motion to dismiss the petition and granted the petition.

Ordered that the order and judgment is modified by deleting the provision thereof which granted the petition and substituting therefor a provision directing the appellants to serve and file their answers to the petition within five days after service upon them of a copy of this decision and order with notice of entry; as so modified, the judgment is affirmed, with one bill of costs to the appellants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

We agree with the Supreme Court that the present proceeding is in the nature of mandamus to compel and, accordingly,

the time limit to commence this proceeding would not commence until after the County appellants' refusal to perform their duty (*see*, CPLR 217; *Matter of O'Connell v Kern*, 287 NY 297; *Matter of Weir v Canestrari*, 130 AD2d 906; *Matter of Dionisio v Board of Educ.*, 118 AD2d 854). Since the petitioners did not unreasonably delay in demanding action through the commencement of this proceeding (*see*, *Matter of Rapess v Ortiz*, 99 AD2d 413, 414; *Matter of Central School Dist. No. 2 v New York State Teachers Retirement Sys.*, 46 Misc 2d 225, 229, *affd on other grounds* 23 NY2d 213), we affirm the denial of the motion to dismiss.

However, the Supreme Court improperly granted the petition on the merits. CPLR 7804 (f) provides that: "The respondent may raise an objection in point of law by setting it forth in his answer or by a motion to dismiss the petition * * * [i]f the motion is denied, the court shall permit the respondent to answer".

As a result of the mandatory language contained in CPLR 7804 (f), the petition may not be decided on the merits without allowing the appellants the opportunity to interpose an answer unless the facts are so fully presented in the motion papers that it is clear that there are no factual disputes and no prejudice will result to the parties (*see*, *Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs.*, 63 NY2d 100; *O'Hara v Del Bello*, 47 NY2d 363; *Briedis v Village of Tuxedo Park*, 156 AD2d 744). The record reflects several factual and legal issues which are in dispute and have not been fully addressed by the parties. Accordingly, the order and judgment is modified as indicated. Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.