■ CORINNE DANKNER, Appellant, v SZURZAN AND DORF, INC., et al., Respondents. [641 NYS2d 405] —In an action for payment on a promissory note, the plaintiff appeals from an order of the Supreme Court, Queens County (Milano, J.), dated November 29, 1994, which denied her motion to renew her previous motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff brought this action by a summons and a motion for summary judgment in lieu of a complaint based on the default in payment of a promissory note. Summary judgment was denied as against the individual defendants because the plaintiff failed to prove that they had personally guaranteed the subject promissory note executed by the corporate defendant. Seventeen months later the plaintiff moved for leave to renew her original motion as against those defendants. The plaintiff's motion was based on a personal guaranty and pledge agreement executed by the individual defendants.

The court did not improvidently exercise its discretion in denying the plaintiff's motion to renew (*see, Elgem, Inc. v National Gypsum,* 192 AD2d 636, 637). It is well settled that where an application for leave to renew is based upon "additional material facts which existed at the time the prior mo-

tion was made, but were not then known to the party seeking leave to renew, and therefore, not made known to the court[, r]enewal should be denied where the party fails to offer a valid excuse for not submitting the additional facts upon the original application" (*Foley v Roche,* 68 AD2d 558, 568; *see, Silverman v Leucadia, Inc.,* 159 AD2d 254, 255). The plaintiff's counsel should have known that the individual defendants had to have personally guaranteed the subject note in order to hold them liable upon the corporate defendant's default in repayment of the note. There is no excuse for his failure to determine prior to commencing the present action whether such a guaranty had been executed (*cf., Martinez v Hudson Armored Car & Courier,* 201 AD2d 359, 360-361). This could easily have been done by a simple inquiry of the attorney who drafted the subject note for the plaintiff's predecessor in interest (i.e., her late husband). We note that it is clear from the record that the plaintiff, if not the plaintiff's counsel himself, knew this attorney. Additionally, there was no adequate explanation for the plaintiff's 17-month delay in making the instant motion *(see, Elgem, Inc. v National Gypsum, supra).* Sullivan, J. P., Copertino, Santucci and Goldstein, JJ., concur.