■ PAUL SHEA et al., Respondents, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Intervenor-Respondent, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Appellants. [649 NYS2d 561] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted plaintiffs and intervenor a preliminary injunction enjoining defendants from implementing any further service reductions at the Buffalo Psychiatric Center and from implementing defendant's work force reduction plan. Plaintiffs and intervenor met the criteria for entitlement to such relief (see, CPLR 6301; Aetna Ins. Co. v Capasso, 75 NY2d 860). Mental Hygiene Law § 7.17 (e) does not prohibit injunctive relief when the notice provisions of Mental Hygiene Law § 7.17 (e) (3) have been violated (see, Grant v New York State Off. of Mental Health, 169 Misc 2d 896).

The court erred, however, in rendering a final judgment on the merits before defendants submitted an answer. There are substantial questions of fact concerning whether proposed staff reductions are significant and defendants intended to submit an additional defense and evidence after oral argument of the motion for a preliminary injunction (see, e.g., Matter of Wood v Glass, 226 AD2d 387). Thus, we modify the order and judgment by vacating the second, third, fourth and sixth decretal paragraphs. (Appeal from Order and Judgment of Supreme Court, Erie County, Whelan, J.—Preliminary Injunction.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RIVERA, Appellant. [649 NYS2d 873] —Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Monroe County Court, Connell, J.—Assault, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Wesley and Balio, JJ.