■ CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent, and JAMES J. SHEEDY, Intervenor-Respondent, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Appellants. [664 NYS2d 22] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about August 9, 1996, which granted plaintiffs' motion for a preliminary injunction preventing defendants from implementing any further staff reductions at Manhattan and Creedmoor Psychiatric Centers based upon defendants' failure to give plaintiffs at least 12 months notice of significant service reductions pursuant to Mental Hygiene Law § 7.17 (e) (3), unanimously affirmed, without costs.

We reject defendants' argument that Mental Hygiene Law § 7.17 (e) (3), by its terms, precludes an injunction based on the alleged failure to comply with the subdivision's notice provisions. Clearly, the rational interpretation of the plain language of the statute and the basic rules of statutory construction

confirm that significant service reductions made without compliance with section 7.17 (e) (3) can be enjoined (*see, Shea v New York State Off. of Mental Health*, 233 AD2d 925). To read section 7.17 (e) to preclude enjoining significant service reductions, as suggested by defendants, would deprive the courts of any enforcement mechanism whatsoever with respect to the paragraphs of that subdivision that dictate mandatory actions to be taken by the Commissioner prior to engaging in significant service reductions.

Further, while issues of fact exist concerning whether the subject reductions are indeed "significant service reductions" within the meaning of Mental Hygiene Law § 7.17 (e) (3), thus triggering the notice requirement, plaintiffs have demonstrated a likelihood of success on this issue and that they would be irreparably harmed without a preliminary injunction (*see, Grant v New York State Off. of Mental Health*, 169 Misc 2d 896).

We have considered defendants' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Nardelli, Andrias and Colabella, JJ.