■ CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Respondent, v NEW YORK STATE OFFICE

OF MENTAL HEALTH et al., Appellants. [666 NYS2d 351] —Spain, J. Appeal from an order of the Supreme Court (Canfield, J.), entered November 8, 1996 in Albany County, which, *inter alia*, granted plaintiff's motion for a preliminary injunction.

In July 1996 plaintiff, asserting that defendants failed to give timely notice of "significant service reductions" at Hudson River Psychiatric Center in Dutchess County as required by Mental Hygiene Law § 7.17 (e) (3), commenced this action seeking to enjoin defendants from any further service reductions and moved for a preliminary injunction. Defendants cross-moved to dismiss the complaint. Supreme Court denied defendants' cross motion in its entirety and granted plaintiff's motion for a preliminary injunction. Defendants appeal.

We affirm. In our view, Mental Hygiene Law § 7.17 (e) (3) does not bar the issuance of a preliminary injunction where defendants are implementing a "significant service reduction" without providing the 12-month notice mandated by the statute (*see, Civil Serv. Empls. Assn. v New York State Off. of Mental Health*, 244 AD2d 206; *Shea v New York State Off. of Mental Health*, 233 AD2d 925).

We also conclude that plaintiff has made a strong showing of a likelihood of success on the merits and irreparable harm to its members (*see*, CPLR 6301; *Grant v New York State Off. of Mental Health*, 169 Misc 2d 896). Supreme Court properly rejected defendants' contention that the 1991 and 1993 plans published pursuant to Mental Hygiene Law § 5.07 fulfilled the notice requirements of Mental Hygiene Law § 7.17 (e) (3).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.