■ LEONARD GRANT et al., Respondents and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, et al., Intervenors-Respondents, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Appellants. [668 NYS2d 912] —In an action, inter alia, for a judgment declaring that the closure of Kingsboro Psychiatric Center was contrary to law, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Belen, J.), dated August 9, 1996, which, among other things, granted the plaintiffs' motion for a preliminary injunction enjoining the defendants from implementing any significant service reductions at Kingsboro Psychiatric Center before they complied with the 12-month no-

tice provisions of Mental Hygiene Law § 7.17 (e) (3), and denied their cross motion to dismiss the complaint.

Ordered that the order and judgment is affirmed, with one bill of costs.

The Supreme Court properly granted the plaintiffs' motion for a preliminary injunction. "Mental Hygiene Law § 7.17 (e) does not prohibit injunctive relief when the notice provisions of Mental Hygiene Law § 7.17 (e) (3) have been violated" (*Shea v New York State Off. of Mental Health,* 233 AD2d 925; *see also, Civil Serv. Empls. Assn. v New York State Off. of Mental Health,* 245 AD2d 836; *Civil Serv. Empls. Assn. v New York State Off. of Mental Health,* 244 AD2d 206). Furthermore, the plaintiffs otherwise established their entitlement to such relief (*see,* CPLR 6301).

The defendants' remaining contentions are without merit. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.