■ TERRY B. QUIGLEY et al., Respondents, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Intervenor-Respondent, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Appellants. [669 NYS2d 338] —In an action, *inter alia,* for a judgment declaring that the defendants must comply with the 12-month notice provisions of Mental Hygiene Law § 7.17 (e) (3) before implementing significant service reductions at Pilgrim Psychiatric Center, the defendants appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), entered September 17, 1996, which denied their motion to renew their opposition to the plaintiffs' motion for a preliminary injunction enjoining the defendants from implementing any significant service reductions at Pilgrim Psychiatric Center before they complied with the 12-month notice provisions of Mental Hygiene Law § 7.17 (e) (3), which motion was granted by an order of the same court, dated July 18, 1996.

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs moved for a preliminary injunction in July 1996 based on evidence that the defendants planned to institute "significant service reductions" within the meaning of Mental Hygiene Law § 7.17 (e) at Pilgrim Psychiatric Center and that the defendants failed to comply with the 12-month notice requirement in Mental Hygiene Law § 7.17 (e) (3) (*see, Shea v New York State Off. of Mental Health,* 233 AD2d 925; *see also, Civil Serv. Empls. Assn. v New York State Off. of Mental Health,* 244 AD2d 206). The court granted the plaintiffs' motion by order dated July 18, 1996, and, *inter alia,* directed the defendant Commissioner of the Office of Mental Health to comply with the 12-month notice provision before enacting any significant service reductions at Pilgrim Psychiatric Center.

The defendants moved to renew their opposition to the plaintiffs' motion less than two weeks later, based on the affidavit of a New York State Office of Mental Health labor relations representative regarding the participation of union representatives at meetings held in 1994 concerning the anticipated consolidation of the State-operated psychiatric hospitals on Long Island.

It is well settled that "where an application for leave to renew is based upon 'additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew, and therefore, not made known to the court' ", renewal should be denied " 'where the party fails to offer a valid excuse for not submitting the additional facts upon the original application' " (*Dankner v Szurzan & Dorf,* 226 AD2d 669, 670, quoting *Foley v Roche,* 68 AD2d 558, 568).

The Supreme Court did not improvidently exercise its discretion in denying the defendants' motion to renew. The defendants did not offer a valid explanation for their failure to present the affidavit, which, in any event, presented the same argument previously rejected by the Supreme Court, in opposition to the plaintiffs' original motion. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.