■ ANTHONY C. FINE, Appellant, v SCHNEIDER AIR SERVICE, INC., Respondent. [671 NYS2d 509] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Hillery, J.), dated April 11, 1997, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated August 6, 1997, which denied the plaintiff's motion for renewal.

Ordered that the orders are affirmed, with one bill of costs.

Contrary to the plaintiff's contention, the defendant's failure to replace a fuel tank cap on an aircraft it serviced in May 1987 was not a proximate cause of the aircraft's crash, which occurred five months later. Rather, the proximate cause of the accident was the failure of the plaintiff, who was a flight instructor and the pilot-in-command, to ensure that a proper preflight inspection was conducted (*see,* 14 CFR 91.9 [a]; 41 CFR 109-38.5211 [a]). Further, the plaintiff's failure to observe the defective fuel tank cap in the five months he and his student utilized the aircraft was an unforeseeable intervening act which broke the causal chain of the defendant's alleged negligence (*see, Lynch v Bay Ridge Obstetrical & Gynecological Assocs,* 72 NY2d 632, 636). While the question of foreseeability is generally one for the jury (*see, Lynch v Bay Ridge Obstetrical & Gynecological Assocs, supra; Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315), the facts in this case are such that "only one conclusion may be drawn from the established facts and * * * the question of legal cause may be decided as a matter of law" (*Derdiarian v Felix Contr. Corp., supra,* at 315; *Wright v New York City Tr. Auth.,* 221 AD2d 431).

Absent any excuse as to why the plaintiff failed to proffer the purportedly newly-discovered evidence in the prior motion, the court did not improvidently exercise its discretion in denying his motion to renew (*see, Cannistra v Gibbons,* 224 AD2d 570). Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.