■ In the Matter of GRAND JURY SUBPOENAS DUCES TECUM. YESHIVA I. YOSEF et al., Appellants. ATTORNEY GENERAL OF THE STATE OF NEW YORK, Respondent. [727 NYS2d 326] —In a proceeding pursuant to CPLR 2304 to quash four Grand Jury subpoenas duces tecum, the petitioners appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Kings County (D'Emic, J.), dated April 10, 2000.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

On oral argument it was conceded that the Grand Jury had disbanded, rendering the subpoenas void. There is no basis to apply the exception to the mootness doctrine. Accordingly, the appeal is dismissed as academic. Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.

■ In the Matter of HOSPITAL FOR JOINT DISEASES et al., Respondents, v KAREN V. MURPHY, Appellant. [727 NYS2d 327] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel Karen V. Murphy, the Nassau County Clerk, to correct an endorsement cover page for a judgment of the Supreme Court, Nassau County (Joseph, J.), entered March 31, 2000, in an action entitled Hospital for Joint Diseases v All-city Ins. Co., Index No. 99-030370, the appeal is from a judgment of the Supreme Court, Nassau County (DiNoto, J.), dated August 4, 2000, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (see, Klostermann v Cuomo, 61 NY2d 525). The petitioners failed to identify any statutory duty that the appellant failed to perform which entitled them to such relief. Therefore, the Supreme Court exceeded its authority in granting the petition. Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.