■ In the Matter of RAYMOND L. MILEK, Appellant, v TOWN OF HEMPSTEAD et al., Respondents. [742 NYS2d 113] —In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondent Ronald Master, Commissioner of the Department of Conservation and Waterways of the Town of Hempstead, to approve the assignment of a lease to the petitioner as a "qualified caretaker" pursuant to Town of Hempstead Code § 164-4 (F), the petitioner appeals from a judgment of the Supreme Court, Nassau County (Lally, J.), entered January 8, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Hans Bayer owns a bay house in the Town of Hempstead and leases the land on which it sits from the Town. Assignment of the lease must be approved by the Town's Commissioner of the Department of Conservation and Waterways (hereinafter the Commissioner). Pursuant to Town of Hempstead Code § 164-4 (F), an assignment can only be made to a spouse, family member, or "qualified caretaker." The petitioner commenced this proceeding pursuant to CPLR article 78 to compel the Commissioner to accept an assignment of the lease to him.

The petitioner's request to direct the Commissioner to accept the assignment is in the nature of mandamus to compel. Mandamus to compel lies only "to enforce the performance of a ministerial duty" and is not "awarded to compel an act in respect to which the officer may exercise judgment or discretion" (*Klostermann v Cuomo,* 61 NY2d 525, 539 [internal quotation marks omitted]; *see Matter of Hospital for Joint Diseases v Murphy,* 284 AD2d 534; *Matter of Kusky v Town of Islip,* 266 AD2d 460). Here, the determination as to whether the petitioner was a "qualified caretaker" of the property within the meaning of Town of Hempstead Code § 164-4 (F) will involve an exercise of discretion by the Commissioner, and thus, relief in the nature of mandamus to compel is inappropriate.

The petitioner's request to annul the the Commissioner's decision rejecting the transfer of the lease, which is in the nature of mandamus to review (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753), was properly denied by the Supreme Court because the Commissioner did not make a reviewable determination that the petitioner was not a "qualified caretaker" under the statute. Pursuant to Town of Hempstead Code § 164-4 (F), a "qualified caretaker" is defined as "a person who, in the judgment of the Commissioner, has actively provided for the care and maintenance of the leased premises for a period of not less than three (3) years from the date of an application by the lessee * * * for an assignment of the lease to such caretaker." Bayer's application under that statute was made on September 8, 1999, and thus, the three-year period during which the petitioner must demonstrate his ability to care for the property will not run until September 8, 2002. The record does not support the petitioner's contention that the Commissioner prematurely determined his qualification.

The petitioner's remaining contentions are without merit, or are academic in light of our determination. Santucci, J.P., Altman, Townes and Crane, JJ., concur.