■ In the Matter of TOWN OF HARRISON POLICE BENEVOLENT ASSOCIATION, INC., et al., Respondents, v TOWN OF HARRISON POLICE DEPARTMENT, et al., Appellants. (And a Related Proceeding.) [892 NYS2d 495]—

On June 4, 2007, the petitioner Police Officer Steven Heisler

was questioned by the appellant Town of Harrison Police Department (hereinafter the Police Department) regarding his job performance. During this questioning by a captain of the Police Department, Heisler's request to be represented by an attorney provided by the petitioner Town of Harrison Police Benevolent Association, Inc. (hereinafter the PBA), allegedly was denied. Thereafter, on June 7, 2007, the PBA and Heisler (hereinafter together the petitioners) filed grievances with the Chief of Police of the Police Department claiming a violation of their collective bargaining agreement. Specifically, the grievances alleged that the Town of Harrison and the Police Department (hereinafter together the appellants) violated the collective bargaining agreement when Heisler's request for a PBA attorney was denied during an interrogation in which he allegedly was advised by a captain employed by the Police Department that he would be brought up on disciplinary charges.

On June 26, 2007, the Chief of Police preferred charges and specifications against Heisler relating to his job performance, based upon the questioning on June 4, 2007. Letters sent by the PBA on or about November 21, 2007, and on or about February 22, 2008, on behalf of Heisler to the Town's attorney indicated that the grievances previously filed had not been reviewed by the appellants. On or about March 12, 2008, the PBA filed a demand for arbitration with the New York State Public Employment Relations Board seeking to arbitrate the grievances pursuant to the terms of the collective bargaining agreement.

On or about March 26, 2008, the petitioners commenced this proceeding, inter alia, to compel the appellants to comply with the terms of a collective bargaining agreement by reviewing their grievances relating to the denial of representation to Heisler pursuant to Civil Service Law § 75 (2) during the questioning that occurred on June 4, 2007. Contrary to the Supreme Court's determination, this proceeding was commenced pursuant to CPLR article 78 in the nature of mandamus, and is not a declaratory judgment action, since the petitioners sought to compel the appellants to comply with the terms of their collective bargaining agreement as it pertained to grievances (see CPLR 7803 [1]; *Academy St. Assoc., Inc. v Spitzer,* 44 AD3d 592, 593 [2007]; *Cloverleaf Realty of N.Y., Inc. v Town of Wawayanda,* 43 AD3d 419, 420-421 [2007]; *see generally Matter of Smiler v Board of Educ.,* 15 AD3d 409 [2005]; *Matter of Milek v Town of Hempstead,* 294 AD2d 440 [2002]). Furthermore, contrary to the appellants' contention, the proceeding was not time-barred, since the appellants never explicitly refused to entertain the petitioners' demand that their grievances be heard and,

thus, the applicable four-month statute of limitations period never began to run (*see Matter of Wood v Glass,* 226 AD2d 387, 387-388 [1996]; *Matter of Fischer v Roche,* 81 AD2d 541, 542 [1981], *affd* 54 NY2d 962 [1981]).

However, we agree with the appellants' contention that the Supreme Court erred in granting the petition to the extent of directing the nonparty Town Board of the Town of Harrison (hereinafter the Town Board) to determine whether Heisler was entitled to representation pursuant to Civil Service Law § 75 (2) at the time that he was questioned by the Police Department. "In general, the procedures for disciplining public employees, including police officers, are governed by Civil Service Law §§ 75 and 76, which provide for a hearing and an appeal" (*Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.,* 6 NY3d 563, 573 [2006]; *see Matter of Town of Greenburgh [Police Assn. of Town of Greenburgh],* 94 AD2d 771 [1983]). Specifically, Civil Service Law § 75 (2) provides that "[a]n employee who at the time of questioning appears to be a potential subject of disciplinary action shall have a right to representation by his or her certified or recognized employee organization under article fourteen of this chapter and shall be notified in advance, in writing, of such right" (Civil Service Law § 75 [2]).

However, Civil Service Law § 76 (4) provides that sections 75 and 76 of the Civil Service Law shall not "be construed to repeal or modify any general, special or local law" (Civil Service Law § 76 [4]) that "provide expressly for the control of police discipline by local officials in certain communities" (*Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.,* 6 NY3d at 573). Since the Westchester County Police Act (L 1936, ch 104) provides that "proceedings to discipline police officers employed by the towns in Westchester County be conducted by the boards of police commissioners of the towns" (*Matter of Gizzo v Town of Mamaroneck,* 36 AD3d 162, 163 [2006]); *see* Westchester County Police Act § 7 (L 1936, ch 104), the Westchester County Police Act is a special law and, therefore, "disciplinary procedures are not a [proper] subject of collective bargaining for members of town police departments in Westchester [County]" (*Matter of Town of Greenburgh [Police Assn. of Town of Greenburgh],* 94 AD2d at 772; *see Matter of Gizzo v Town of Mamaroneck,* 36 AD3d at 166; *Matter of Park v Kapica,* 25 AD3d 801 [2006], *affd* 8 NY3d 302 [2007]). Here, the collective bargaining agreement entered into between the Town and the PBA provided that disciplinary matters would be conducted pursuant to Civil Ser-

vice Law § 75. Since disciplinary matters are not a proper subject of collective bargaining as per the Westchester County Police Act, the Supreme Court erred in granting the petition to the extent of directing the Town Board to determine whether Heisler was entitled to representation pursuant to Civil Service Law § 75 (2).

In light of our determination, we need not reach the appellants' remaining contention. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.