18-3383-cv
*McPherson v. Tompkins Tr. Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty.

PRESENT:    DENNIS JACOBS,
            DENNY CHIN,
            JOSEPH F. BIANCO,
                    *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STANLEY WEST MCPHERSON,
                    *Plaintiff-Appellant*,


            -v-                                      18-3383-cv

TOMPKINS TRUST COMPANY, BRIAN A.
HOWARD, MYRIAH A. MARNELL, JESSE
TEDORA, DEBORAH J. HOOVER,
                    *Defendants-Appellees*.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Stanley West McPherson, *pro se*, Ithaca, New
                                York.

FOR DEFENDANTS-APPELLEES:	Thomas P. Smith, Harris Beach PLLC, Ithaca, New York.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Stanley McPherson, *pro se*, sued defendant-appellee Tompkins Trust Company ("TTC") and several of its employees (collectively, "defendants") under the Electronic Fund Transfer Act, 15 U.S.C. § 1693h(a) (the "EFTA"), the Pennsylvania Bills of Exchange Act of March 30, 1821, and Articles 3 and 4 of the New York Uniform Commercial Code (the "UCC").  McPherson alleged that TTC improperly halted an electronic fund transfer and refused to accept a promissory note as payment for a debt.  On May 3, 2018, defendants moved to dismiss the complaint. The district court *sua sponte* converted the motion to one for summary judgment and, after the parties supplemented their papers, granted judgment in favor of defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam).  "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-

2

movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

The district court properly granted summary judgment for defendants. McPherson failed to present evidence from which a reasonable jury could find a violation of the EFTA. The EFTA provides that "a financial institution shall be liable to a consumer for all damages proximately caused by . . . the financial institution's failure to make an electronic fund transfer . . . when properly instructed to do so by the consumer." 15 U.S.C. § 1693h(a)(1). A financial institution is not liable, however, when "the consumer's account has insufficient funds." *Id.* § 1693h(a)(1)(A). The undisputed evidence showed that when TTC attempted to electronically transfer funds into McPherson's TTC account from external accounts that McPherson identified as belonging to him, McPherson's TTC account received a provisional credit. Then the transfers were charged back or "returned" because the external accounts from which TTC attempted to draw funds were "unknown/fraudulent account[s]." Suppl. App'x at 38. Because the accounts were unknown or fraudulent and there were therefore insufficient funds to cover the request, TTC is not liable under the EFTA for the failed electronic transfers.

McPherson also failed to demonstrate the existence of a triable issue of fact as to his claim under the Pennsylvania Bills of Exchange Act (the "Act") of March

3

30, 1821. The Act provides that a person who endorses a "bill of exchange," i.e., a check, within Pennsylvania, but is not paid, is entitled to damages and interest. 1821 Pa. Laws 156, No. 94, cl. 12. The Act is inapplicable here because McPherson did not attempt to cash a check written by defendants in Pennsylvania. Nor did McPherson show a viable claim under Articles 3 and 4 of the UCC. Article 3 governs commercial paper and Article 4 governs bank deposits. *See* N.Y. U.C.C. §§ 3-101 *et seq.*, 4-101 *et seq.* Neither article obligates TTC to accept a promissory note as payment. *See* N.Y. U.C.C. § 3-802(1) (providing that an instrument can satisfy an obligation "where [it] is taken" to do so). Further, when TTC dishonored the note, it did so in writing. *See Gen. Motors Acceptance Corp. v. Bank of Richmondville*, 611 N.Y.S.2d 338, 339 (3d Dep't 1994) (requiring notices of dishonor from banks to be in writing under the UCC).

\* \* \*

We have considered McPherson's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In light of our decision, McPherson's motion to expedite this appeal is denied as moot.

4