■ THERESA ZULFERINO, Respondent, v STATE FARM AUTO-MOBILE INSURANCE COMPANY, Appellant, et al., Defendant.—In an action, *inter alia,* to recover on an insurance policy, the defendant State Farm Automobile Insurance Company appeals from (1) an order of the Supreme Court, Nassau County (Morrison, J.), dated February 5, 1985, which granted the plaintiff's motion for summary judgment on the issue of liability, and (2) a judgment of the same court (Spatt, J.), entered August 7, 1985, in favor of the plaintiff and against it in the principal sum of $17,969.50.

Appeal from the order dated February 5, 1985 dismissed *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment reversed, with costs, order vacated, and motion denied.

In 1981, the plaintiff took out a policy of insurance with the appellant to cover a 1981 Corvette automobile. On June 16, 1983, that car was stolen and the plaintiff sought to recover under the policy. The appellant, however, denied her claim on the ground that it had received from the plaintiff's broker, the defendant Omni Brokerage, Inc., a cancellation of said policy, effective before the date of the theft. The plaintiff then commenced the instant action, *inter alia,* to recover on the policy, and moved for summary judgment on the ground that the signature on the cancellation request was not hers. In support of her motion, the plaintiff submitted a sample of her handwriting and an affidavit in which she denied that she had requested the cancellation, or had authorized anyone else to do so. Finding that a "casual comparison" of the two signatures revealed substantial dissimilarities, Special Term awarded summary judgment to the plaintiff. We reverse.

Generally, questions of credibility on motions for summary judgment should not be determined by affidavit. Where "knowledge is * * * peculiarly within the possession of the movant * * * summary judgment will ordinarily be denied" *(Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262). Here, despite the apparent differences in the two signatures, questions of fact exist both with respect to the cancellation request and the plaintiff's possible authorization of it. Summary judgment is, therefore, precluded.

The plaintiff further argues, however, that she is entitled to summary judgment by virtue of Vehicle and Traffic Law § 313.

That section provides, in part, that an insurer cannot cancel a policy of insurance until 20 days' notice of termination is given to the insured (Vehicle and Traffic Law § 313 [1] [a]). The plaintiff argues that as she did not receive any notice of cancellation until *after* her car had been stolen, the policy was in full force and effect on the day of the theft. We note, however, that this section of the Vehicle and Traffic Law applies only where the cancellation is initiated by the insurer. It has no application to the instant case, where it is alleged that the plaintiff insured requested the cancellation.

As the plaintiff's motion for summary judgment is denied, there is no need to sever the other cause of action and cross claim, and that severance falls with the reversal of the judgment. Weinstein, J. P., Niehoff, Lawrence and Kooper, JJ., concur.