■ In the Matter of INSURANCE COMPANY OF NORTH AMERICA, Appellant, v PEARL LYMAN, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated February 24, 1987, which denied its motion to stay arbitration. The appeal brings up for review so much of an order of the same court, dated September 17, 1987, as upon reargument adhered to the original determination (see, CPLR 5517).

Ordered that the appeal from the order dated February 24, 1987, is dismissed, without costs or disbursements as that order was superseded by the order dated September 17, 1987 made upon reargument; and it is further,

Ordered that the order dated September 17, 1987, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The respondent, a resident of New York, suffered serious injuries when a yellow cab struck her as she stood in a roadway at Miami International Airport. Although she purportedly obtained the name of the operator of the offending vehicle and the name of his employer, she failed to obtain the license plate of the vehicle or proof of its insured status. Subsequent efforts to locate the driver proved unsuccessful.

Upon returning to New York, the respondent filed a claim to recover under the uninsured motorist provision of a policy her husband had purchased from the petitioner. When the latter disclaimed coverage, the respondent demanded arbitration. The petitioner subsequently moved for a stay of arbitration. The Supreme Court dismissed petitioner's petition with leave to reapply upon completion of an investigation. Instead of filing an additional petition, the appellant moved for renewal and reargument and upon the same granting a permanent stay of arbitration pursuant to CPLR article 75. The Supreme Court granted the motion to reargue, but denied the application for a stay of arbitration.

The Supreme Court properly denied the petitioner's application for a stay of arbitration. The petitioner's contention that the policy purchased by the respondent's husband did not extend coverage to her is incorrect. Pursuant to 11 NYCRR 60.1 (c), a motor vehicle insurance policy must contain a provision insuring the named insured and if an individual, his

spouse, if a resident of the same household. Accordingly, regardless of the specific terms of the subject policy, coverage is deemed to extend to the respondent as mandated by the above regulatory provision.

Furthermore, the party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue that would justify the stay (see, *Matter of Commercial Union Ins. Cos. [Pouncy]*, 120 AD2d 382). The petitioner has provided absolutely no evidence to support its contention that the offending vehicle was in fact insured and thus has failed to meet its burden. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.