(April 6, 1989)

■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Respondent, and JUAN BRIONES et al., Appellants.—Order, Supreme Court, New York County (Ethel B. Danzig, J.), entered August 3, 1988, which granted respondents' motion to reargue and, upon reargument, adhered to its original determination granting petitioner's motion to permanently stay arbitration, unanimously modified on the law and the facts, and remanded for a hearing on the question of whether respondents' vehicle was covered by a policy of insurance issued by petitioner on the date of the accident, and otherwise affirmed, without costs.

Respondents demanded arbitration of a claim for uninsured

motorist coverage under an insurance policy issued by petitioner to Goody Goody Transport, Inc., the owner of the 1975 Chevrolet sedan struck by a concededly uninsured and unregistered vehicle on September 24, 1983.

Upon their motion for reargument, respondents presented a duplicate return receipt obtained from the post office in December 1987 which confirms that the demand for arbitration, mailed January 3, 1986 according to the affidavit of service, was delivered to petitioner on January 7, 1986. However, petitioner did not commence the proceeding to stay arbitration until April 1987.

Petitioner admits that it had insured the 1975 Chevrolet under an assigned risk policy, number AR-90884, effective December 31, 1982, but states that coverage was canceled with respect to this vehicle and transferred to a 1979 Chrysler, effective March 18, 1983, at the request of the insured's broker. Subsequently, the policy was canceled by petitioner effective June 23, 1983. Respondents, however, maintain that the notice of cancellation issued by petitioner at that time was ineffective for failure to comply with Vehicle and Traffic Law § 313 (3).

Respondents maintain that the petition to stay arbitration was untimely brought pursuant to CPLR 7503 (c). However, application of that rule presumes the existence of a viable agreement to arbitrate, and where no contract containing an arbitration agreement is in effect, a stay is appropriate whether or not the proceeding is timely brought (*Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264). Furthermore, where cancellation is initiated by the insured, the carrier is not required to send the insured notice (*Hanover Ins. Co. v Eggelton*, 88 AD2d 188, affd 57 NY2d 1020; *Zulferino v State Farm Auto. Ins. Co.*, 123 AD2d 432).

The documents annexed to the pleadings raise an issue of fact as to cancellation of insurance with respect to the automobile in which respondents were riding. An insurance identification card issued by petitioner for the vehicle indicates an effective date of coverage of March 28, 1983, 10 days after coverage was allegedly transferred to the 1979 Chrysler. In addition, a printout of Department of Motor Vehicles records, obtained by respondents in January 1986, lists petitioner as the insurance carrier for the vehicle under a policy which expired on December 31, 1983. There is no indication of a transfer of coverage to a 1979 Chrysler or of any cancellation prior to the stated expiration date. Therefore, there is suffi-

cient question as to the insured status of the vehicle to warrant a hearing on the issue of insurance coverage (CPLR 409 [b]). Concur—Murphy, P. J., Asch, Rosenberger, Smith and Rubin, JJ.