■ In the Matter of METROPOLITAN PROPERTY & LIABILITY INSURANCE Co., Appellant, v MANUEL AVILES, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), entered November 14, 1988, as, upon reargument, adhered to its original determination in an order of the same court, entered August 24, 1988, which denied the application.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On July 24, 1987, Manuel Aviles was injured in a two-car collision in Brooklyn. Aviles was driving a vehicle insured by

the petitioner, while, according to the police report, the other vehicle was insured by the Hanover Insurance Company (hereinafter Hanover). Upon learning that Hanover had purportedly canceled its insured's policy one day prior to the accident, Aviles brought an uninsured motorist claim, and demanded arbitration. Thereafter, the petitioner submitted the police report, giving Hanover's insurance code for the other vehicle, in support of its application to stay arbitration. In opposition thereto Aviles submitted, *inter alia,* Hanover's notice of cancellation indicating an effective termination date of July 23, 1987, and proof of mailing certified by a Hanover employee and stamped "July 1, 1987" by the United States Postal Service.

Under the circumstances, the Supreme Court properly denied the petitioner's application for a stay of arbitration. Aviles adequately rebutted the petitioner's evidence that the offending vehicle was insured on the date of the accident by submitting uncontroverted proof that the requisite procedures had been followed for proper cancellation *(see, Nassau Ins. Co. v Minor,* 72 AD2d 576; *Matter of Safeco Ins. Co. [Testagrossa],* 67 AD2d 979; *cf., Matter of Eagle Ins. Co. v Olephant,* 81 AD2d 886). A hearing is not required to explore the petitioner's unsubstantiated conjecture that there might have been some defect in Hanover's cancellation procedures. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.