■ In the Matter of HOME INDEMNITY INSURANCE COMPANY, Appellant, v CHARLOTTE WHITE et al., Respondents, and STATE FARM MUTUAL AUTO INSURANCE COMPANY, Respondent.—In a proceeding to stay arbitration of an uninsured motorist claim, the petitioner appeals from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated August 15, 1989, as, denied its application for a hearing to determine whether a cancellation of insurance issued by the respondent State Farm Mutual Auto Insurance Company was valid.

Ordered that the order is affirmed insofar as appealed from, with costs.

All of the documentary evidence in the case at bar—including a police report, a Department of Motor Vehicles DP-37 form, and a notice of cancellation with proof of mailing—substantiates the respondent's claim that it effectively terminated Ophelia Thomas' insurance on June 14, 1987, some six weeks before the accident at issue. The petitioner thus failed to make the necessary prima facie showing of insurance coverage on the date of the accident required to shift the burden to the respondent to prove that coverage did not exist, or to warrant a hearing on the issue of whether a stay of arbitration should be granted *(cf., Matter of Insurance Co. v Lyman,* 148 AD2d 456; *cf., Matter of Public Serv. Mut. Ins. Co. [Binder],* 121 AD2d 903; *Matter of Liberty Mut. Ins. Co. v Horowitz,* 121 AD2d 634). Thompson, J. P., Kunzeman, Eiber and Rosenblatt, JJ., concur.