■ In the Matter of the Arbitration between EMPIRE INSURANCE COMPANY, Appellant, and GURJANT NARAIN, Respondent, et al., Respondents. [597 NYS2d 680] —Order of the Supreme Court, New York County (William P. McCooe, J.), entered June 17, 1992, which denied petitioner's motion to stay arbitration, unanimously reversed on the law, and the matter remanded for further proceedings, without costs.

Respondent Narain was allegedly injured in an automobile accident involving an uninsured vehicle owned by respondent, David Tejada. Narain thereafter served his insurer, Empire Insurance Company, with a demand for arbitration pursuant to the uninsured motorist endorsement of his policy. Empire responded by commencing the within proceeding to stay arbitration. In support of its petition, Empire produced a printout from the Department of Motor Vehicles indicating that Mr. Tejada's car was insured by respondent Maryland Casualty Company at the time of its last registration. Maryland Casualty in turn responded that Tejada's policy had been cancelled prior to the accident in which Narain allegedly sustained injury. While Maryland Casualty included in its response a copy of the notice informing Tejada that his coverage had been cancelled, this was not sufficient to carry its burden (see,

*Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski,* 79 AD2d 1029) of proving non-insurance. Cancellation of automobile insurance coverage is not effective unless accomplished in the manner prescribed by statute. As is here relevant, the notice of cancellation must be mailed to the insured and a certificate of mailing obtained from the postal service to be retained by the insurer as conclusive proof of termination *(see,* Vehicle and Traffic Law § 313 [1] [a], [b]). As the requisite proof of mailing was not produced by Maryland Casualty, it was error for the motion court to conclude that Tejada's vehicle was uninsured *(compare, Matter of Home Indem. Ins. Co. v White,* 172 AD2d 611). Accordingly, the matter is remanded so that the issue of the Tejada vehicle's coverage or lack thereof can be properly resolved. Concur—Murphy, P. J., Milonas, Rosenberger and Wallach, JJ.