■ In the Matter of EAGLE INSURANCE COMPANY, Appellant, v VIVIAN Y. BATTERSHIELD, Respondent, et al., Respondents.
[638 NYS2d 758]

The only competent evidence submitted by the petitioner in support of its original application for a permanent stay of the uninsured motorist arbitration demanded by the respondent consisted of a document which indicated that the insurance coverage, which had previously been issued to the owner and driver of the offending vehicle by Allstate Insurance Company (hereinafter Allstate), had, in fact, been terminated effective August 21, 1993, several months before the accident on January 19, 1994. Under these circumstances, we agree with the Supreme Court, Nassau County, that the petitioner failed to meet its initial burden of showing that the offending vehicle was, in fact, insured on the date of the accident, and that "[a] hearing [was] not required to explore the petitioner's unsubstantiated conjecture that there might have been some defect in [Allstate's] cancellation procedures" (*Metropolitan Prop. & Liab. Ins. Co. v Aviles,* 157 AD2d 782, 783; *see also, Matter of*

*Home Indem. Ins. Co. v White,* 172 AD2d 611; *Matter of Aetna Cas. & Sur. Co. v Morales,* 70 AD2d 833).

In light of this determination, we need not address the petitioner's remaining contentions. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.