■ In the Matter of PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant, v DAVID CAMPBELL, Respondent. [643 NYS2d 197] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered April 21, 1995, which denied the petition and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

In support of its application for a permanent stay of the uninsured motorist arbitration, the petitioner submitted a document which indicated that the insurance coverage, which had been issued to the owner and driver of the offending vehicle by Eagle Insurance Company had, in fact, been terminated approximately four weeks before the accident on February 27, 1994. Under these circumstances, we agree with the Supreme Court that the petitioner was not entitled to a stay of arbitration as the petitioner failed to meet its initial burden of showing that the offending vehicle was, in fact, insured on the date of the accident (*see, Matter of Eagle Ins. Co. v Battershield,* 225 AD2d 545; *Matter of State-Wide Ins. Co. v Morales,* 204 AD2d 336; *Matter of Insurance Co. v Castillo,* 158 AD2d 691). Ritter, J. P., Thompson, Hart and McGinity, JJ., concur.