■ FELIPE TORRES et al., Respondent, v COLIN SERVICE SYSTEMS, INC., Appellant. (And a Third-Party Action.) [647 NYS2d 232] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Dye, J.), dated July 7, 1995, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

After the plaintiff Felipe Torres slipped on a puddle and injured himself, the plaintiffs commenced this action against the defendant, a janitorial service, to recover damages for personal injuries and loss of consortium. The record is clear that every time there was a heavy rain a leak in the ceiling in the room in which Mr. Torres worked would result in an accumulation of water on the floor. However, the record is equally clear that the defendant had only limited contractual

duties to clean the floor on which Mr. Torres fell. The contract did not specifically state that the defendant was obligated to mop up water accumulation as a result of a longstanding leak in the ceiling, nor was the defendant required to repair the leak. The repair of the defective ceiling was the obligation of the managing agents of the building. Although the defendant had cleaned away the accumulated water on many occasions, it only did so after it was directed to take such action. On the morning of the subject accident, Felipe Torres was the first person in the area in question and fell immediately after unlocking the door and turning on the lights. Thus, the defendant had not been informed of the water and had not been directed to clean it up as on all of the previous occasions. Further, there was no evidence that the defendant had an affirmative obligation to prevent the water accumulation by taking any particular steps prior to a heavy rain.

We find that liability should not be imposed on the defendant in these circumstances (*see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220). Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.