■ MARIA MALDONADO, Appellant, v DONATO MATERA, Defendant and Third-Party Plaintiff-Respondent. JOSEPH GENTILE et al., Third-Party Defendants-Respondents. [655 NYS2d 993] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Silverman, J.), entered March 8, 1996, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered April 19, 1996, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent Donato Matera is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff was allegedly injured when she slipped and fell on snow or ice in the driveway of premises leased to her by the defendant. It is well settled that an out-of-possession landlord is not liable for injuries that occur on the premises unless the lessor has retained control, or is contractually obligated to repair unsafe conditions *(see, Wright v Feinblum,* 220 AD2d 660; *Pirillo v Long Is. R. R.,* 208 AD2d 818; *Lafleur v Power*

*Test Realty Co. Ltd. Partnership,* 159 AD2d 691). Since the defendant landlord did not retain control, and the duty of removing snow and ice where the accident occurred was placed upon other tenants by the express terms of a lease, the Supreme Court properly granted the motion for summary judgment *(see, Pirillo v Long Is. R. R., supra).* Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.