■ JUDITH KIRKPATRICK, Respondent, v STATE FARM FIRE & CASUALTY COMPANY, Appellant. [679 NYS2d 688] —In an action to recover the proceeds of an insurance policy, the defendant appeals from (1) an order of the Supreme Court, Queens County (Lonschein, J.), dated October 15, 1997, which denied its motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated March 16, 1998, which denied its motion, in effect, to renew.

Ordered that the orders are affirmed, with one bill of costs.

The defendant contends that an insurance policy it issued to the plaintiff was void due to misrepresentations and false state-

ments made by the plaintiff on the insurance application and at her examination under oath, respectively. However, with regard to the insurance application, the defendant has failed to demonstrate that, as a matter of law, the misinformation was material (*see, Sonkin Assocs. v Columbian Mut. Life Ins. Co.,* 150 AD2d 764, 765; *Ferris v Columbian Mut. Ins. Co.,* 190 AD2d 1061, 1063; *Wittner v IDS Ins. Co.,* 96 AD2d 1053; Insurance Law § 3105 [b]). With regard to the plaintiff's false statements made at her examination under oath, the defendant has failed to demonstrate, as a matter of law, that the plaintiff intended to deceive or defraud it when she made the statements (*see, Deitsch Textiles v New York Prop. Ins. Underwriting Assn.,* 62 NY2d 999, 1001; *Jonari Mgt. Corp. v St. Paul Fire & Mar. Ins. Co.,* 58 NY2d 408, 417; *Fine v Bellefonte Underwriters Ins. Co.,* 758 F2d 50 [2d Cir 1985], *cert denied* 474 US 826).

The court also properly denied the defendant's motion, in effect, to renew, as the additional evidence was neither newly discovered nor unavailable to the defendant at the time of the prior motion (*see generally, Cannistra v Gibbons,* 224 AD2d 570, 571; *Foley v Roche,* 68 AD2d 558, 568). Bracken, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.