■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v REBECCA HOLLOWAY, Respondent. [708 NYS2d 899] —In a proceeding pursuant to CPLR article 75 to stay an uninsured motorist arbitration, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Lockman, J.), dated October 2, 1998, which denied the petition and dismissed the proceeding, and (2) an order of the same court, entered October 5, 1999, which denied its motion, in effect, for renewal.

Ordered that the orders are affirmed, without costs or disbursements.

The only evidence submitted by the petitioner in support of its application to stay the uninsured motorist arbitration demanded by the respondent was a letter from the alleged insurer of the offending vehicle disclaiming coverage. The petitioner failed to meet its initial burden of showing that the

offending vehicle was, in fact, insured on the date of the accident, and that a hearing was required to explore the possibility that the offending vehicle's insurance policy was not properly canceled (*see, Matter of Prudential Prop. & Cas. Ins. Co. v Campbell,* 227 AD2d 628; *Matter of Eagle Ins. Co. v Battershield,* 225 AD2d 545; *Matter of Home Indem. Ins. Co. v White,* 172 AD2d 611).

The petitioner's motion, in effect, for renewal was properly denied, as the additional evidence was neither newly discovered nor unavailable to the petitioner at the time of the prior motion (*see, Kirkpatrick v State Farm Fire & Cas. Co.,* 255 AD2d 363, 364; *Foley v Roche,* 68 AD2d 558, 568). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.