■ GLORIA LLEWELLYN, Appellant, v NEW YORK DISTRICT COUNCIL OF CARPENTERS PENSION FUND et al., Respondents. (And a Third-Party Action.) [732 NYS2d 887] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Queens County (Berke, J.), dated February 14, 2000, as granted that branch of the motion of the defendants New York District Council of Carpenters Pension Fund and New York District Council of Carpenters Apprenticeship Journeyman's Retraining Education and Industry Fund which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court,

dated August 30, 2000, as granted that branch of the motion of the defendant Shepard Industries, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On their respective motions for summary judgment, the respondents met their burden of demonstrating their entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Since the plaintiff failed to raise a triable issue of fact in response thereto, the Supreme Court properly granted the motions (*see, Alvarez v Prospect Hosp., supra,* at 327; *see, Maldonado v Matera,* 237 AD2d 584; *Torres v Colin Serv. Sys.,* 231 AD2d 510). Ritter, J. P., Santucci, Feuerstein and Adams, JJ., concur.