MICHELE WINOGRAD et al., Plaintiffs, v NEIMAN MARCUS GROUP, Defendant and Third-Party Plaintiff-Appellant, and SIMON PROPERTY GROUP, INC., et al., Respondents. TONY AVERSA, Doing Business as AVERSA LANDSCAPING AND MASONRY, Third-Party Defendant-Respondent. [782 NYS2d 753]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Neiman Marcus Group appeals (1), as limited by its brief, from so much of an order of the

Supreme Court, Westchester County (Jamieson, J.), entered October 15, 2003, as granted the motion of the third-party defendant, Tony Aversa, doing business as Aversa Landscaping and Masonry, for summary judgment dismissing the third-party complaint, and granted that branch of the cross motion of the defendants Simon Property Group, Inc., and Fashion Mall Partners which was for summary judgment dismissing its cross claims for indemnification and contribution asserted against the defendants, and (2) from an order of the same court entered March 29, 2004, which denied its motion for leave to reargue and renew.

Ordered that the appeal from so much of the order entered March 29, 2004, as denied the branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered October 15, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered March 29, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

On January 23, 2001, the injured plaintiff slipped on snow and ice in the loading dock area of a department store owned by the defendant third-party plaintiff Neiman Marcus Group (hereinafter the appellant). The appellant's store was located in a mall owned by the defendants Simon Property Group, Inc., and Fashion Mall Partners (hereinafter collectively Simon). Simon hired the third-party defendant, Tony Aversa, doing business as Aversa Landscaping and Masonry (hereinafter Aversa), to remove snow and ice from the common areas of the mall.

Although the contract between Simon and Aversa expressly provided that Aversa was not required to remove snow and ice from the appellant's loading dock, Aversa removed snow and ice from the appellant's loading dock on January 3, 2001, at Simon's request. Thereafter, on January 21, 2003, two days before the injured plaintiff's accident, approximately 5.5 inches of snow fell in the vicinity of the injured plaintiff's accident. Aversa did not return to the appellant's loading dock from January 3, 2001, to the time of the injured plaintiff's accident.

Aversa established its prima facie entitlement to summary judgment dismissing the third-party complaint by demonstrating that the injured plaintiff slipped and fell on ice that formed during the snow storm, and that its snow removal efforts did not create the allegedly hazardous snow and ice condition (*see*

*Zoutman v Goshen Cent. School Dist.,* 300 AD2d 656 [2002]). Similarly, Simon established its prima facie entitlement to summary judgment on that branch of its cross motion which was to dismiss the appellant's cross claims for indemnification and contribution by demonstrating that the appellant was contractually responsible under the express terms of the lease for removing snow and ice from the subject location (*see Maldonado v Matera,* 237 AD2d 584 [1997]). In opposition, the appellant failed to raise a triable issue of fact, and the Supreme Court properly granted summary judgment to both Aversa and Simon.

Further, the Supreme Court properly denied that branch of the appellant's motion which was for leave to renew, since the additional evidence was neither newly-discovered nor unavailable to the appellant at the time of the prior motion (*see Kirkpatrick v State Farm Fire & Cas. Co.,* 255 AD2d 363, 364 [1998]).

The appellant's remaining contention is without merit. Smith, J.P., Crane, Cozier and Lifson, JJ., concur.