■ In the Matter of CONTINENTAL INSURANCE COMPANY, Respondent, v MARY BIONDO et al., Respondents, and ZURICH AMERICAN INSURANCE COMPANY, Appellant. [857 NYS2d 588]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Zurich American Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Lally, J.), entered March 19, 2007, which, after a hearing, granted the petition.

Ordered that the judgment is reversed, on the law and the facts, with costs payable to the appellant by the petitioner, the petition is denied, and the proceeding is dismissed.

A petitioner seeking to permanently stay the arbitration of an uninsured motorist claim may make a prima facie case by producing the police accident report containing the vehicle's insurance code (see Matter of Eagle Ins. Co. v Rodriguez, 15 AD3d 399 [2005]; Matter of Wausau Ins. Co. v Ramos, 151 AD2d 487 [1989]). A prima facie case of insurance coverage may also be established by offering proof from the Department of Motor Vehicles (see Matter of Liberty Mut. Ins. Co. v Horowitz, 121 AD2d 634 [1986]).

However, in this case, the police accident report does not list any insurance code number for the vehicle operated by the alleged tortfeasor. Moreover, the petitioner was unsuccessful in its attempts at a framed-issue hearing to admit into evidence documents from the Department of Motor Vehicles which may have established a prima facie case of insurance coverage.

Additionally, the petitioner did not establish that ownership of the vehicle in question was ever transferred to Long Beach Transportation Group (hereinafter Long Beach), the insured of Zurich American Insurance Company (hereinafter Zurich). Although the titled owner of the vehicle Mark Feldman delivered possession of the vehicle to an acquaintance, Ronald Hoos, pur-

suant to a bailment or consignment agreement, no transfer of title to Hoos or any third party was ever effectuated or perfected pursuant to Vehicle and Traffic Law § 2113 (a) and (c) (*see Kaminsky v Karmin,* 187 AD2d 488, 489 [1992]).

Contrary to the petitioner's contention and the Supreme Court's determination, the evidence at the framed-issue hearing did not establish that Hoos was employed by Long Beach. Additionally, there was no evidence that Long Beach was a vendee or vendor of the vehicle. Feldman, the prima facie owner, retained title to the vehicle (*see* Vehicle and Traffic Law § 2108 [c]).

Even if Hoos possessed Feldman's vehicle for a period greater than 30 days, a fact which was implied, but not established, at the hearing, at best the petitioner would have demonstrated that Hoos, as a bailee, was an owner of the vehicle pursuant to Vehicle and Traffic Law § 128. However, because it was not proven that Hoos was an employee of Long Beach, there was no basis to find that Long Beach was also an owner of the vehicle. Accordingly, the evidence presented by the petitioner was insufficient to support a determination that Zurich insured Hoos on the date of the accident. Ritter, J.P., Dillon, Angiolillo and McCarthy, JJ., concur.