■ In the Matter of LINCOLN GENERAL INSURANCE COMPANY, Respondent, v CHRISTOPHER WILLIAMS, Respondent. AUTOONE SELECT INSURANCE COMPANY, Proposed Additional Respondent-Appellant, et al., Proposed Additional Respondents. [899 NYS2d 667]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, proposed additional respondent AutoOne Select Insurance Company appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Rios, J.), entered January 22, 2009, which, after a framed-issue hearing, inter alia, granted the petition.

Ordered that the order and judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

On September 6, 2006, the respondent, Christopher Williams, was operating a vehicle insured by the petitioner when he was involved in a collision with a vehicle operated by Marina Villalta and owned by proposed additional respondent Jose E. Villalta. Williams asserted a claim for uninsured motorist's benefits under the petitioner's policy on the ground that Villalta's vehicle was uninsured, and sought to arbitrate that claim. Thereafter, the petitioner commenced this proceeding, inter alia, to permanently stay arbitration of the claim on the ground that the Villalta vehicle was insured by the appellant. The appellant contended that it had cancelled Villalta's policy at his request, effective August 29, 2006. The Supreme Court conducted a framed-issue hearing, granted the petition, and determined that the Villalta vehicle was insured by the appellant on the date of the accident. We reverse.

Where an insured initiates a policy cancellation, the insurer is not required to send to the insured any notice of termination described in Vehicle and Traffic Law § 313 (*see Zulferino v State Farm Auto. Ins. Co.*, 123 AD2d 432, 432-433 [1986]; *Matter of Country-Wide Ins. Co. [Briones]*, 149 AD2d 313, 314 [1989]). The insurer is required, however, to file a notice of termination with the Commissioner of the Department of Motor Vehicles within 30 days after the effective date of the cancellation (*see* Vehicle and Traffic Law § 313 [2]).

At the framed-issue hearing, the petitioner met its initial burden of demonstrating that the appellant insured the Villalta vehicle on September 6, 2006, by proffering the police report containing the insurance code for the appellant (*see Matter of Government Empls. Ins. Co. v McFarland*, 286 AD2d 500 [2001]). Thus, the burden shifted to the appellant to establish that it had validly cancelled the policy prior to the accident (*see Matter of State Farm Mut. Auto. Ins. Co. v Roman*, 239 AD2d 590, 591 [1997]). In response, the appellant showed that, on August 20, 2006, it had received a policy cancellation request

from Pro Insurance Agency, Inc., acting on Villalta's behalf, and that it cancelled the policy as requested. Moreover, the appellant showed that it complied with Vehicle and Traffic Law § 313 (2) by filing the notice of termination with the Commissioner of the Department of Motor Vehicles within 30 days of the effective date of the cancellation. Thus, the appellant's cancellation of Villalta's policy before the accident date was valid and required no further action on the part of the appellant (*see Zulferino v State Farm Auto. Ins. Co.*, 123 AD2d at 433; *Hanover Ins. Co. v Eggelton*, 88 AD2d 188, 190 [1982], *affd* 57 NY2d 1020 [1982]).

Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding. Rivera, J.P., Dillon, Florio and Balkin, JJ., concur.