◼ JADWIGA DABROWSKI, as Surviving Spouse to JOZEF DABROWSKI, Deceased, Respondent, v METROPOLITAN LIFE INSURANCE COMPANY, Appellant. [979 NYS2d 630]—

In September 2003, the decedent applied for a life insurance policy (hereinafter the subject policy) from the defendant, Met-

ropolitan Life Insurance Company, through its financial services representative, Gregg Pajak. The decedent designated his wife, the plaintiff, as the beneficiary. In October 2003, the defendant informed the decedent that the underwriting process revealed that he did not qualify for the "preferred" rating and that he would be required to pay a higher premium for the "standard" rating. The defendant issued the subject policy on October 2, 2003. The policy contained a provision providing the insured with a right to cancel the policy and obtain a refund of any premiums already paid.

The decedent died on January 11, 2004, and the plaintiff sought to recover under the subject policy. The defendant declined to pay the plaintiff the death benefit under the subject policy. According to the defendant, the decedent cancelled the subject policy in December 2003 due to the higher premium and was refunded the premium payments made for September through November. Subsequently, the plaintiff commenced this action, alleging, inter alia, that the subject policy was in full force and effect at the time of the decedent's death, and that the defendant breached the subject policy by failing to pay her the death benefit.

The defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint by establishing that the decedent cancelled the subject policy prior to his death, by oral notification to Gregg Pajak, the defendant's authorized agent (see *Matter of Country-Wide Ins. Co. v Wagoner*, 57 AD2d 498, 503 [1977], *revd on other grounds* 45 NY2d 581 [1978]; *Gately-Haire Co. v Niagara Fire Ins. Co. of N.Y.*, 221 NY 162, 167 [1917]; *Crown Point Iron Co. v Aetna Ins. Co.*, 127 NY 608, 614 [1891]; *see also Zachariades v Transcontinental Ins. Co. [CNA]*, 1 AD3d 509, 509 [2003]).

Contrary to the defendant's contention, the Supreme Court properly considered evidence in the plaintiff's deposition testimony and affidavit submitted in opposition to its motion for summary judgment regarding the decedent's intentions to accept the subject policy regardless of the higher premium (see *Lauriello v Gallotta*, 59 AD3d 497, 498 [2009]; *Estate of Essig v 5670 58 St. Holding Corp.*, 50 AD3d 948, 949 [2008]; *Coury v Arcuri*, 262 AD2d 268, 268 [1999]). We conclude, however, that the plaintiff's evidence did not raise a triable issue of fact as to whether the subject policy remained in effect at the time of the decedent's death (see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Further, the plaintiff's contention, in effect, that the subject policy remained in effect because no notice of cancellation was received prior to the decedent's death is

without merit. As the cancellation was initiated by the decedent-insured, the defendant was not required to provide notice in order to effectuate cancellation of the subject policy (*see Bellina v Bellina,* 105 AD2d 1074, 1074 [1984]; *Matter of Country-Wide Ins. Co. v Wagoner,* 57 AD2d at 503; *see generally Matter of Country-Wide Ins. Co. [Briones],* 149 AD2d 313, 314 [1989]; *Zulferino v State Farm Auto. Ins. Co.,* 123 AD2d 432, 432-433 [1986]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Lott, Cohen and Hinds-Radix, JJ., concur.