Matter of Country-Wide Ins. Co. v Santos (2019 NY Slip Op 06767)





Matter of Country-Wide Ins. Co. v Santos


2019 NY Slip Op 06767


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-07598
 (Index No. 507332/18)

[*1]In the Matter of Country-Wide Insurance Company, appellant, 
v
Jose O. Santos, et al., respondents-respondents; "John Doe," proposed additional respondent, Lakeram Singh, et al., proposed additional respondents-respondents.


Jaffe & Velazquez, LLP, New York, NY (Jean H. Kang of counsel), for appellant.
Roe & Associates, New York, NY (Jason A. Ciluffo of counsel), for proposed additional respondents-respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated May 17, 2018. The order, insofar as appealed from, denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellant payable by the respondents-respondents and proposed additional respondents-respondents, the petition is reinstated, those branches of the petition which were to temporarily stay arbitration pending a framed-issue hearing and for joinder of the proposed additional respondents are granted, and the matter is remitted to the Supreme Court, Kings County, for a framed-issue hearing to determine whether the offending vehicle was insured on the date of the accident, and a new determination thereafter of that branch of the petition which was to permanently stay arbitration.
On August 29, 2017, a vehicle owned and operated by Jose O. Santos, in which Harly Henriquez and Sandy Rodriguez were passengers, was allegedly struck in the rear by a vehicle owned by Lakerham Singh, which fled the scene of the accident. Santos, Henriquez, and Rodriguez made a claim for coverage from Singh's insurance carrier, National General Insurance Online, Inc. (hereinafter National General). By letter dated October 19, 2017, National General disclaimed coverage on the ground that an investigation revealed that "our insured's vehicle was report[ed] stolen" at the time of the accident. Santos, Henriquez, and Rodriguez made a demand for arbitration of uninsured motorist coverage against Santos's insurance carrier, the petitioner, Country-Wide Insurance Company (hereinafter Country-Wide). Country-Wide commenced this proceeding, inter alia, to stay arbitration. Santos, Henriquez, and Rodriguez opposed the petition, and Singh and National General separately opposed. The Supreme Court denied the petition. Country-Wide appeals.
"The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of [*2]AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336; see Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002-1003). "Thereafter, the burden is on the party opposing the stay to rebut the prima facie showing" (Matter of Hertz Corp. v Holmes, 106 AD3d at 1003). "Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue" (id.).
Here, the petitioner met its initial burden by submitting evidence establishing that at the time of the accident the Singh vehicle was covered by a policy of insurance issued by National General (see Matter of Continental Ins. Co. v Biondo, 50 AD3d 1034, 1034; see also Matter of Lincoln Gen. Ins. Co. v Williams, 73 AD3d 778, 779; Matter of AutoOne Ins. Co. v Hutchinson, 71 AD3d 1011, 1012; Matter of Mercury Ins. Group v Ocana, 46 AD3d 561, 562). National General's disclaimer letter, submitted by Country-Wide in support of its petition, constituted prima facie evidence as to the existence of a policy of insurance covering Singh's vehicle at the time of the accident. That same letter was sufficient to raise a triable issue of fact as to the validity of National General's disclaimer (see Matter of Mercury Ins. Group v Ocana, 46 AD3d at 563). "Vehicle and Traffic Law § 388 creates a strong presumption that the driver of a vehicle is operating it with the owner's consent, which can only be rebutted by substantial evidence demonstrating that the vehicle was not operated with the owner's permission" (Matter of State Farm Ins. Co. v Walker-Pinckney, 118 AD3d 712, 713; see Matter of State Farm Mut. Auto. Ins. Co. v Fernandez, 23 AD3d 480, 480; Matter of Liberty Mut. Ins. Co. v McDonald, 6 AD3d 614, 615). "[E]vidence that a vehicle was stolen at the time of the accident may overcome the presumption of permissive use" (Matter of State Farm Ins. Co. v Walker-Pinckney, 118 AD3d at 713). Under these circumstances, a framed-issue hearing is necessary to determine whether National General properly disclaimed coverage of Singh's vehicle (see Matter of State Farm Mut. Auto. Ins. Co. v Fernandez, 23 AD3d at 480).
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court