Matter of Progressive Cas. Ins. Co. v Persaud (2023 NY Slip Op 02314)

Matter of Progressive Cas. Ins. Co. v Persaud

2023 NY Slip Op 02314

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-09017
 (Index No. 606953/20)

[*1]In the Matter of Progressive Casualty Insurance Company, appellant, 
v
Ganesh Persaud, et al., respondents; Integon National Insurance Company, proposed additional respondent-respondent; et al., proposed additional respondents.

Jennifer S. Adams, Yonkers, NY (Michael A. Zarkower of counsel), for appellant.
Brian J. McGovern, LLC, New City, NY (Michael J. Liloia of counsel), for proposed additional respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered November 2, 2020. The order, insofar as appealed from, denied that branch of the petition which was to temporarily stay arbitration pending a framed-issue hearing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 30, 2019, a vehicle registered to Jackie Persaud and operated by Ganesh Persaud (hereinafter the respondents' vehicle) allegedly was struck by a vehicle (hereinafter the adverse vehicle) registered to the proposed additional respondent Marina Reyes and operated by the proposed additional respondent Marina Odalis Villalta. The respondents' vehicle was insured by the petitioner, Progressive Casualty Insurance Company (hereinafter Progressive).
On or about June 19, 2020, the respondents served upon Progressive a demand for arbitration of their claim for uninsured motorist benefits for alleged injuries arising out of the subject accident. On July 20, 2020, Progressive commenced this proceeding, inter alia, to permanently stay arbitration, or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing to resolve issues of insurance coverage. Progressive alleged that there was other available insurance, as the adverse vehicle was insured by proposed additional respondent Integon National Insurance Company (hereinafter Integon). Integon opposed the petition. By order entered November 2, 2020, the Supreme Court, inter alia, denied that branch of the petition which was for a temporary stay of arbitration pending a framed-issue hearing. Progressive appeals.
"An insurance carrier seeking to stay the arbitration of an uninsured motorist claim has the burden of establishing that the offending vehicle was insured at the time of the accident" (Matter of American Home Assur. Co. v Wai Ip Wong, 249 AD2d 301, 301; see Matter of Eagle Ins. Co. v Pusey, 271 AD2d 445, 445-446). A petitioner "may make a prima facie case by producing the [*2]police accident report containing the [adverse] vehicle's insurance code" or by "offering proof from the Department of Motor Vehicles" (Matter of Continental Ins. Co. v Biondo, 50 AD3d 1034, 1034). "Once such a prima facie case of coverage is established, the burden shifts to the opposing party to come forward with evidence to the contrary" (Matter of American Home Assur. Co. v Wai Ip Wong, 249 AD2d at 301).
Here, Progressive failed to make a prima facie showing that the adverse vehicle was, in fact, insured on the date of the accident (see Matter of Government Empls. Ins. Co. v Williams-Staley, 288 AD2d 471, 472; Matter of Allstate Ins. Co. v Holloway, 272 AD2d 539, 539-540; Matter of Eagle Ins. Co. v Battershield, 225 AD2d 545, 545). The police report submitted by Progressive did not identify Integon as the insurer of the adverse vehicle, as the insurance code for the adverse vehicle recorded on the police report was "000," and Progressive's other submissions, including records from the New York State Department of Motor Vehicles, failed to establish, prima facie, that the adverse vehicle was insured at the time of the accident. In fact, Progressive's submissions demonstrated that Integon had cancelled its insurance coverage for the adverse vehicle prior to the date of the accident (see Matter of Continental Ins. Co. v Biondo, 50 AD3d at 1034; Matter of Government Empls. Ins. Co. v Williams-Staley, 288 AD2d at 472). "A hearing [was] not required to explore [Progressive's] unsubstantiated conjecture that there might have been some defect in [Integon's] cancellation procedures" (Matter of Eagle Ins. Co. v Battershield, 225 AD2d at 545 [internal quotation marks omitted]; see Matter of Allstate Ins. Co. v Holloway, 272 AD2d at 539-540)
Accordingly, the Supreme Court properly denied that branch of the petition which was to temporarily stay arbitration pending the outcome of a framed-issue hearing.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court